CHESTER H. BREWSTER *et als.*, Respondents, *v.* CHARLES W. GAUSS *et al.*, Appellants.

*Trespass — Damages — Attachments.*—Where several attachments are successively levied upon goods not the property of the attachment debtor, the attachment creditors are not joint trespassers, and are not liable to contribution as such (R. C. 1855, p. 649); but where several creditors, thus attaching, were sued as joint trespassers, and judgment recovered, the judgment is conclusive as to their liability to contribution.

*Appeal from St. Louis Circuit Court.*

*Knox & Smith* for appellants.

*Krum & Decker*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

It appears that several attachments, at the suit of different parties, were levied in succession upon certain goods and chattels as the property of Aaron Jacobs & Co., the defendants therein; that the property attached was claimed by Keiler & Isaacs, who afterwards brought an action of trespass against all these attaching plaintiffs, jointly, as for a joint trespass, and recovered judgment against them for $1,918.90, damages and costs; that in the attachment of Brewster, Orrick & Co. judgment was obtained, and satisfied out of the

goods attached to the amount of $1,358.52, and that a small part of the proceeds remained over to be applied on the next attachment; but that the attachment of Fallenstein & Gauss, of which firm the defendant here was one, realized nothing, and that the judgment in favor of Keiler & Isaacs, against the joint trespassers, was satisfied by the plaintiff Brewster, as one of his firm. He now brings this suit, in the nature of a bill in equity, against the defendant here, to enforce a contribution towards the amount. of the judgment which he has paid.

It appears that the excess of the judgment paid over and above the amount realized on the attachment of his firm was $560.38, and that the defendant's proportion of the difference between the two judgments would be only about $70.05. The defendant insists that he can be compelled to contribute only in that proportion. By the judgment of the court below, he was compelled to contribute to the whole amount of the judgment.

The plaintiff relies upon the statute of Damages, which provides that in a judgment founded upon a private wrong, the joint defendants shall be subject to contribution in the same manner and to the same extent as in a judgment in an action founded on contract—R. C. 1855, p. 649, § 8. We think the statute is general in its nature, and applies to all judgments of this character. But on the facts appearing here, there is no equity in the plaintiff's case, beyond the amount which he has been compelled to pay over and above what he realized on his attachment. The several attaching plaintiffs were in no proper sense joint trespassers at all. But no appeal or writ of error appears to have been taken to correct the errors of that judgment, and it must be held here to be conclusive upon the parties as to the joint trespass. The plaintiff now appeals to the equitable jurisdiction of the court, to enforce a contribution toward the whole amount of that judgment. The facts show that his firm has realized the fruits of the joint trespass to the amount above specified, and that the plaintiff has really paid only the difference of the two

judgments. He that asks equity must do equity. It would be clearly inequitable and unjust to allow him to pocket the fruit of his attachment, and the joint trespass, and then for this defendant, who realized nothing, to contribute to the whole of a judgment, which he has really paid only in part, though nominally in whole. We must hold that the defendant is liable only for his proportion of the excess.

Judgment reversed, and cause remanded. Judge Wagner concurs; Judge Lovelace absent.