O'ROURKE v. LINDELL RAILWAY COMPANY, *Appellant, et al.*

### Division One, January 25, 1898.

1. **Damages:** INSTRUCTIONS: CONFLICT BETWEEN TWO DEFENDANTS: DEGREES OF CARE. In a suit by a passenger against two railroad companies for personal injuries caused by the collision of cars, the plaintiff is not concerned in instructions affecting the liability of defendants as between themselves, provided the one on which plaintiff is not a passenger is not prejudiced by instructions defining the duties of the other to her. From the one on whose car she was a passenger

she was entitled to the highest degree of care a carrier owes a passenger. From the road with which the relation of passenger and carrier did not exist, she was entitled to only ordinary care on its part to avoid injuring her.

2. ——: ——: AN INSTRUCTION APPROVED. Plaintiff was injured by a collision between the cars of two street railways. The court, after instructing the jury that the road on which she was a passenger owed her the highest degree of care, and the other, the Lindell road, only ordinary care, further charged: "And if the jury further find that such failure to exercise ordinary care by the servants of defendant Lindell Railway Company directly concurred with said want of care of the servants of defendant the St. Louis & Suburban Railway Company in causing said collision, then both defendants are liable, and the jury should so find." The Lindell company complains that this instruction made it answerable for the high degree of care imposed upon the Suburban road. *Held*, that as the jury, by its verdict, finding only against the Lindell road, necessarily found the Suburban company without fault or negligence, and this instruction directed a finding against both if certain want of care concurred, the jury could have been in no manner influenced by the instruction.

3. ——: DEFINING ISSUES BETWEEN DEFENDANTS. Where two railroad companies are sued for injuries to a passenger, the issues made by the pleadings should not be complicated by instructions defining the duties, rights and liabilities of the defendants between themselves.

4. ——: ——: SUBSEQUENT ACTION. Where two railway companies are joined as defendants, and no issue involving their liabilities between themselves is raised by the pleadings or adjudicated by the judgment, a judgment for plaintiff does not conclude the losing defendant from suing the other on the ground that an instruction given in behalf of the other was prejudicial to its rights. (Distinguishing *Wiggin v. St. Louis*, 135 Mo. 558.)

5. ——: SHIFTING POSITION ON APPEALS. Appellant is bound by the theory presented by the instructions given at its instance.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* for appellant.

(1) Instruction 1, given at the instance of the plaintiff, does not correctly express the rule of law in

respect of this case, and was misleading. It made the Lindell company answerable for the high degree of care of a carrier. (2) The second instruction given at the request of the Suburban company, in addition to interjecting an issue not made by the pleadings, was also a comment upon the evidence and misleading as to the force and effect of the fact so commented upon. *Fusilli v. Railroad*, 45 Mo. App. 535; *Noyes v. Cunningham*, 51 Mo. App. 197; *McFadin v. Catron*, 120 Mo. 274; *Steinwender v. Creath*, 44 Mo. App. 366; *Chappell v. Allen*, 38 Mo. 222; *Shaffner v. Leahy*, 21 Mo. App. 110; *Weil v. Schwartz*, 21 Mo. App. 372; *Clay v. Railroad*, 17 Mo. App. 629; *Anderson v. Kuechelor*, 30 Mo. 525. (3) Instruction 7 of the series asked by the Lindell and refused should have been given. It was a proper direction of the jury. *Ephland v. Railroad*, 57 Mo. App. 158; *Kleiber v. Railroad*, 107 Mo. 240; *Siegrist v. Amot*, 86 Mo. 200; *Nelson v. Railroad*, 68 Mo. 593; *Adams v. Railroad*, 74 Mo. 554; *Troombley v. Railroad*, 69 N. Y. 158; *Buel v. Railroad*, 31 N. Y. 314; *Wilson v. Railroad*, 26 Minn. 278; *Railroad v. Crunk*, 119 Ind. 542; *Imp. Co. v. Smith*, 85 Va. 306; *Railroad v. Coulburn*, 69 Md. 369.

*A. R. Taylor* for respondent.

(1) On this record the respondent is not concerned as to whether or not there was error in the rulings of the court in favor of and at instance of the Suburban company. If the plaintiff obtained her verdict fairly and without error, as between herself and the Lindell company, she is entitled to an affirmance against that company, and she does not wish to have her case on this appeal involved in a contest between the Lindell company and the Suburban company. *Wiggin v. St. Louis*, 135 Mo. 558. (2) The only

ground of error assigned against the court's action as
between the respondent and the Lindell railway, is that
the court, in the first instruction given at the instance
of the plaintiff, made the appellant, Lindell railway,
"answerable for the high degree of care of a carrier."
This criticism is without merit, as is plainly apparent
from the language of the instruction. (3) Instruc-
tion 1, asked by the Lindell company, should have
been refused because it required of the Suburban com-
pany, so far as the Lindell company was concerned, the
"exercise of a very high degree of care" when its rela-
tion of duty to said company required no such degree
of care. (4) The next point is a claim that the Lin-
dell company should be exculpated if the Suburban
company could have avoided the negligent act of the
Lindell company. This is not the law, of course.

MACFARLANE, J.—This is an action for compensa-
tion for injuries to plaintiff, alleged to have been sus-
tained while plaintiff was a passenger on a car of the
defendant, the St. Louis Suburban Railway Company.
The car on which plaintiff was a passenger came into
collision with a car of the Lindell Railway Company,
and plaintiff's injuries were charged to have resulted
in consequence of the collision. The plaintiff brought
her action against both of the railway companies, and
obtained a verdict and judgment against the Lindell
company for $3,000 damages. The cause was tried
before Judge Flitcraft and a jury. As to the Suburban
company, the jury found for the defendant. The Lin-
dell company moved for a new trial, which being re-
fused, the pending appeal was taken. The only
instances of error assigned by the appellant's brief refer
to the rulings in giving or refusing instructions.

The place and surroundings of the collision are

thus described in the statement of the learned counsel for appellant:

"The general course of Grand avenue is north and south, and on this street, between Locust avenue on the south and Finney avenue on the north, the tracks of the Lindell company are laid. These tracks are intersected by the tracks of the Suburban company, practically at right angles, by the extension of its line from Franklin avenue across Grand avenue on the east into Morgan street on the west. At a point on Franklin avenue about 200 feet east of Grand avenue, the tracks of the Suburban company are diverted southwardly and obliquely across the southeast corner of the lot bounded by Franklin avenue and Grand avenue on the north and west, and thence a little south of westwardly into Morgan street. This deflection affords an open view for the Lindell car going south of the Suburban cars approaching the intersection for over 200 feet; an equal opportunity for this reason is afforded those on the Suburban car to see from an equal or greater distance the approach from the north of a car on the Lindell tracks. The car upon which the plaintiff was a passenger was bound west and approached the intersection of the tracks of the two companies from the east, while the Lindell car, with which it collided, approached the intersection from the north. For a distance of 250 feet north of the intersection of the two railways and toward the intersection, the tracks of the Lindell company are upon a down grade on an average of 1.2 per cent. From a like distance east of the intersection of the two tracks and approaching the intersection of the tracks, the tracks of the Suburban company are upon an up-grade of 1.5 per cent. As a general rule preference of crossing, the opportunities being equal, was given to the Suburban company."

The plaintiff was seated in the car going west when

it was struck by the car of the Lindell company going south: In the collision plaintiff was seriously hurt. There is abundant testimony from which negligence could reasonably be found on the part of the Lindell company in the management of its car. There is also testimony from which it might reasonably have been found that the Suburban company was negligent in not taking due care to avoid the collision after the danger thereof became manifest.

Error is only assigned to the rulings of the court in giving and refusing instructions. The court gave one instruction at request of plaintiff which for convenience we divide into four paragraphs. It is as follows:

"1. The court instructs the jury that if the defendant, St. Louis & Suburban Railway, by its servants in charge of its car, received the plaintiff upon its car as a passenger to be carried as such to her point of destination on said defendant's line, then it was the duty of said defendant carrier, by its servants in charge of its car, to have exercised a very high degree of care for the safety of its passenger, such as would have been used by practical and skillful railroad employes under like or similar circumstances, and said defendant would be liable for even slight neglect, if such neglect directly contributed to cause injury to said passenger."

And this is true, notwithstanding the ordinance read in evidence.

2. (On measure of damages. It is not questioned in this court.)

"3. If the jury find from the evidence that on the sixteenth day of February, 1894, the St. Louis & Suburban Railway Company was the carrier of passengers for hire and that on said day said defendant, by its servants, received Johanna O'Rourke as a passenger upon

defendant's car to be carried as such to her point of destination on said defendant's line; and if the jury further find from the evidence that whilst said Johanna was such passenger upon said car at or near the intersection of Grand avenue and Morgan street, the car on which said Johanna was such passenger was collided with by a car belonging to the Lindell Railway Company, and that said Johanna was thereby injured; then the court instructs the jury that if the servants of defendant St. Louis & Suburban Railway Company in charge of its car in which said Johanna was such passenger could, by the exercise of a very high degree of care and watchfulness in the management and control of said car, have prevented said collision, and failed to do so, then the St. Louis & Suburban Railway is liable.

"4. And if the jury further find from the evidence in this case that the servants of defendant Lindell Railway Company, prior to and at the time of said collision, were not exercising ordinary care to avoid said collision and that by the exercise of such care by the servants of such defendant, they would have avoided the collision; and if the jury further find that such failure to exercise ordinary care by the servants of defendant Lindell Railway Company directly concurred with said want of care of the servants of defendant St. Louis & Suburban Railway Company in causing said collision, then both defendants are liable and the jury should so find."

*Instruction given for the defendant,* the Lindell Railway Company.

"1. The court instructs the jury that before they can return a verdict for the plaintiff in this case against the Lindell Railway Company, they must find from the evidence that the plaintiff was injured by the want of ordinary care on the part of some employee of said company, while operating and conducting the electric

car in question, and in determining whether the employees of said company were guilty of the lack of ordinary care, you should consider all the attending facts and circumstances shown by the evidence and you are not at liberty to presume a lack of ordinary care on its part because of the happening of the accident, for the want of such ordinary care on the part of said company is a fact which must be proven and the burden of proving the same by a preponderance of testimony is upon the plaintiff."

*Instruction given for the defendant,* the St. Louis & Suburban Railway Company:

"1. The court instructs the jury that the defendant, the St. Louis & Suburban Railway Company, in receiving the plaintiff in this case upon its car as a passenger, did not thereby insure the safety of the plaintiff, but only agreed that its agents and servants in charge of its car would exercise the highest degree of care for the safety of plaintiff with such passenger, which very prudent persons engaged in the same business would exercise under like circumstances."

Appellant asked, but the court refused to give several instructions defining the rights and duties of the defendants between themselves. But the court on its own motion, in lieu of those asked, gave a number of instructions of the same import. We do not deem it necessary to set these out in full, as they have no bearing on either the rights of plaintiff, or the duties and liability of defendants to her.

The seventh instruction asked by appellant which the court refused to give was as follows:

"7. In determining whether the motorman of the Lindell Railway Company exercised ordinary care, the jury must judge its condition in view of all the circumstances disclosed by the evidence as they existed at the time he had to act, and not by what may seem best

to them when considering the facts after the accident."

I.   A number of instructions treat of questions affecting the liability of the two defendants as between themselves.   These are questions that do not concern the plaintiff, provided that, in the necessary complications resulting from a suit against both defendants whose duty to plaintiff are governed by different rules of law, the Lindell Railway Company, against which the judgment was rendered, was not prejudiced.

Plaintiff was a passenger on the cars of the Suburban railway company, and was entitled from it, to the high degree of care a carrier owes a passenger.   In the case of the Lindell company the relation of carrier and passenger did not exist and that company only owed to plaintiff the duty of using ordinary care to avoid injuring her.   The instructions given the jurors at the request of plaintiff clearly informed them of the duties the respective defendants owed to plaintiff, which, if neglected, or negligently performed, would make them respectively liable to her for the damages suffered.   The first instruction, also, given at the request of each of the defendants, explained particularly what acts of negligence under the evidence would make them respectively liable.   So far the instructions are fair and properly declare the law.

II.   The Lindell company is the sole appellant, and in order to reverse the judgment it must show that error was committed by the trial court which materially affects its rights.   Counsel insists that such error was committed in giving the fourth subdivision of the instruction at request of plaintiff, as follows:   "And if the jury further find that such failure to exercise ordinary care by the servants of defendant Lindell Railway Company directly concurred with said want of care of the servants of defendant the St. Louis & Suburban Railway Company in causing said collision,

then both defendants are liable and the jury should so find." The complaint is that the instruction makes appellant answerable for the high degree of care imposed upon the Suburban company as a common carrier.

If the verdict and judgment had been against both defendants, then appellant might have some just ground of complaint. But we do not think it necessary to inquire, in this case, whether or not the want of ordinary care on the part of the Lindell company, concurring with the want of a very high degree of care on the part of the Suburban company, would render the former jointly liable with the latter for the resulting injury to plaintiff, for the reasons that the jury, by its verdict, necessarily found the Suburban company to be without fault or negligence. The instruction directed the jury to return a verdict against both defendants if it found that the injury was caused by the concurring negligence of each. The verdict was against the Lindell company alone and consequently the jury could have been in no manner influenced by the instruction.

III.   We can see no occasion for the court going into a consideration of the relative duties and obligation of the defendants to each other. The issues only involved the duty and liability of defendants to plaintiff. These were very distinctly and clearly stated in the instructions given in behalf of plaintiff and of each of the defendants. Counsel for defendants only complicated the issue and confused the jury by instruction involving the duties, rights and liabilities of defendants between themselves. None of such instructions should have been given, for if one defendant was neglectful of its duty to plaintiff, it would not be relieved of its liability because the other defendant was also neglectful of its duties. *Taylor v. Railroad*, 137 Mo. 363.

Instructions were asked by appellant, and some were

given by the court upon the theory that the issues were between them, defendants. Such instructions should have been refused but appellant can not complain of errors committed at its own request. Appellant was "bound by the theory presented by the instructions given at its instance." *Titherow v. Railroad*, 98 Mo. 85.

IV. Defendants' seventh instruction was properly refused. It may have announced a correct proposition of law had the suit been between the defendants for damages to their property caused by the collision. In support of their objection to this instruction counsel invoke the principle that when one is placed in a situation of danger by the negligence of another, who owes him a duty, the propriety of an attempt to escape a reasonably apprehended danger must be judged by the circumstances as they appear to the person making the attempt. The rule invoked relieves the injured party of the duty of exercising the care required of a prudent person, but does not excuse from his legal duty the party by whom the injury is inflicted, though by the negligence of a third person he was drawn into a situation which made imminent the danger of inflicting the injury. Plaintiff had no control over the Suburban Railway Company, and its negligence, if it was negligent, can not be imputed to her. *Becke v. Railroad*, 102 Mo. 548; *Dickson v. Railroad*, 104 Mo. 504.

No error was committed in the proceedings which resulted in a judgment in favor of plaintiff of which appellant can complain.

V. But appellant criticises certain instructions given for its codefendant, the Suburban company. Whether or not such instructions, if erroneous, would be prejudicial to appellant, would depend upon the conclusiveness of the judgment as between the defendants. If the Suburban company could, under the statute, be required to contribute to appellant for the

damages adjudged to plaintiff and would escape such contribution under erroneous instructions, there would certainly be such prejudicial error as should be corrected. *Wiggin v. St. Louis*, 135 Mo. 558.

But this judgment is not, in our opinion, conclusive between these defendants. There was no issue involving the liability of defendants between themselves raised by the pleadings or submitted on the evidence. There was no trial of the rights and liabilities of defendants between themselves, and the judgment did not operate as an adjudication of them. Van Fleet's Form. Adj., sec. 256; Chand. on Res. Adjud., sec. 77; *Bank v. Bartle*, 114 Mo. 276.

The ruling in *Wiggin v. St. Louis*, 135 Mo. 558, was based upon the peculiar terms of the charter of St. Louis which requires a joinder of the person whose negligence is alleged to have rendered the city liable to anyone, and forbids, in such case, the bringing of an action against the city alone. Other features of the charter bearing on that point indicate that it was the intention of the law to fix the relative liability of the city and the person so joined as defendant. 2 R. S. 1889, p. 2143, sec. 9.

But those provisions are not applicable to an ordinary action where two persons are joined as tort feasors, as in the case at bar.

In such an action the judgment is only conclusive of the respective rights of defendants among themselves when that issue has been raised and determined in some appropriate manner. The pleadings of defendants in this case only put in issue the question of their respective liability to plaintiffs. The instructions, though unnecessarily complicated, submitted that issue only to the jury.

We therefore hold that the judgment in the circuit court now under review is not conclusive of the

question as to the liability of the Suburban company
to respond to the Lindell company for any negligence
of the former in the circumstances of this case, and
hence we shall not, on the appeal of the Lindell com-
pany, investigate any assignment of errors referring to
rulings which do not affect the obligation of the
Lindell company to respond to plaintiff's cause of
action. As respondent has died since the submission
of the cause, the judgment of affirmance will be
entered as of the date of submission.

The judgment is affirmed. ROBINSON and BRACE,
JJ., concur. BARCLAY, P. J., does not sit.