KANSAS CITY, Appellant, v. FRANK B. MITCHENER, et al., Executors, Etc., Respondents.

**Kansas City Court of Appeals, June 11. 1900,**

**Res Adjudicata:** ADVERSARY DEFENDANTS: MUNICIPALITY AND PROPERTY OWNERS. A judgment against joint defendants who are not adversary is not conclusive *inter sese*; but where one defendant is primarily liable and the other defendant could so hold him, a judgment in his favor is *res adjudicata* as between him and his co-defendant; so if a city and a property owner are jointly sued for a negligent injury, and the judgment is in favor of the property owner but against the city, the matters involved between them are *res adjudicata.*

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*H. S. Hadley* and *L. A. Laughlin* for appellant.

(1) Lydia C. Mitchener was jointly liable with the city to Mary Ryan for maintaining the driveway. Dillon on Mun. Corp. (4 Ed.), sec. 1032; Wood on Nuisances, sec. 120; Matthews v. Railway, 26 Mo. App. 75; Stevens v. Walpole, 76 Mo. App. 218; Irvine v. Wood, 51 N. Y. 224; Arpin v. Bowman, 83 Wis. 54; Cooley on Torts (2 Ed.), 729 n.; Mer-

rill v. St. Louis, 83 Mo. 244; s. c., 12 Mo. App. 466; Kirkpatrick v. Knapp, 28 Mo. App. 428; McGrath v. Walker, 71 Hun. 179; Ellis v. McNaughton, 75 Mich. 237. (2) Lydia C. Mitchener is liable over to the city in this action. Wabasha v. Southworth, 54 Minn., 79; Gray v. Gas Co., 114 Mass. 152; Chicago v. Robbins, 2 Black 418; Memphis v. Miller, 78 Mo. App. 67; St. Joseph v. Railway, 116 Mo. 636; Boston v. Worthington, 10 Gray, 496; Littleton v. Richardson, 34 N. H. 179; Gas Co. v. Dist. of Col., 161 U. S. 315; Dillon on Mun. Corp. (4 Ed.), sec. 1035; Gridley v. Bloomington, 68 Ill. 47. (3) There was no valid adjudication of the liability of Mrs. Mitchener to the city in the Ryan case. Sec. 11 art. 17 of the charter of Kansas City; Badgley v. St. Louis, 149 Mo. 122; Daily v. Sharkey, 29 Mo. App. 518; State ex rel. v. Jones, 53 Mo. App. 207; s. c., 131 Mo. 194; State v. Payne, 4 Mo. 376; Freeman on Judg. (4 Ed.), sec. 158, quoted approvingly in McMahan v. Geiger, 73 Mo. 145, 149; Approved State Bank v. Bartle, 114 Mo. 276; O'Rourke v. Railway, 142 Mo. 352; Sutton v. Dameron, 100 Mo. 141; Clark v. Bettleheim, 144 Mo. 258, 272; Shepard v. Drake, 61 Mo. App. 134, 143; Joyce v. Whitney, 57 Ind. 550; Thode v. Spofford, 65 Ia. 494; Walker v. Byers, 14 Ark. 246, 262; Thomason v. Neeley, 50 Miss. 310; Railroad v. Bradleys, 10 Wall. 299; Beach Mod. Eq. Prac., 445; 3 Daniell's Chan. Prac. 1747; Joyce v. Growney (Mo.), 55 S. W. Rep. 466; Fithian v. Monks, 43 Mo. 502; Garrison v. Trans. Co., 94 Mo .130; Strong v. Ins. Co., 62 Mo. 289; St. Joseph v. Railway, 116 Mo. 636, 643; Memphis v. Miller, 78 Mo. App. 67, 70; State ex rel. v. Tate, 109 Mo. 265; Neenan v. St. Joseph, 126 Mo. 89.

*Lathrop, Morrow, Fox & Moore* for respondents.

(1) If the property owner creates or maintains a defective sidewalk that amounts to a nuisance, the city pun-

ishes him by fine, fixed by ordinance, and the following authorities completely answer the contention of counsel for appellant in the first part of his brief. Charter of Kansas City, art. 3, sec. 1, pars. 5 and 18; Beaudean v. City of Cape Girardeau, 71 Mo. 392; Norton v. City of St. Louis, 97 Mo. 537; St. Louis v. Ins. Co., 107 Mo. 92; City of Independence v. Slack, 134 Mo. 66; Baustain v. Young, 53 S. W. Rep. 921; Beatrin v. Reid, 59 N. W. Rep. 770; City of Rochester v. Campbell, 10 L. R. A. 393; Jansen v. City of Atchison, 16 Kan. 358. (2) The doctrine of *res adjudicata* is so well settled, and seems so peculiarly applicable to the case at bar, that citation of authorities would seem to be unnecessary. We refer, however, to the following cases. Railway v. Levy, 17 Mo. App. 501; Pugh v. Williamson, 61 Mo. App. 165; Hicks v. Jackson, 85 Mo. 283; Benoist v. Thomas, 121 Mo. 660; State ex rel. Subway Co. v. St. Louis, 145 Mo. 551; Donnell v. Wright, 147 Mo. 639.

ELLISON, J.—Prior to the institution of the present action a Mrs. Ryan suffered personal injury by falling on one of plaintiff's sidewalks in front of property then owned by defendant's intestate, Mrs. Mitchener. She brought suit against the plaintiff city and Mrs. Mitchener for damages sustained and recovered a judgment against the city for $500, but the finding and judgment in that case were in favor of Mrs. Mitchener. The city paid that judgment with interest and costs and then instituted the present action against defendants as executors of the estate of Mrs. Mitchener to recover the amount paid to Mrs. Ryan on the ground that Mrs. Mitchener was primarily liable for the injury resulting from the defective sidewalk. The judgment in the trial court was for defendant.

The principal question presented by counsel and the only one necessary to decide, is whether the judgment in favor of Mrs. Mitchener is *res adjudicata*.

Kansas City v. Mitchener.

It is provided by section 11 of article 17 of the Charter of Kansas City that in cases where the city has become liable in damages to an injured party by reason of the wrongful acts or negligence of another and such other shall also be liable to the injured party and the latter shall sue the city for the injury, the city may notify the plaintiff that such person is jointly liable. That thereupon the plaintiff shall join such person with the city as a defendant. That judgment may be had jointly against the city and the co-defendant; that execution may issue against both, but shall be executed first on the property of the co-defendant. Mrs. Mitchener was not made a defendant in Mrs. Ryan's case in the manner thus pointed out by the charter. She was joined as a defendant by Mrs. Ryan in her original petition. Besides, it is conceded that the charter provision is noneffective under the case of Badgley v. St. Louis, 149 Mo. 122.

We then have two defendants, the city and Mrs. Mitchener, each charged to be liable to Mrs. Ryan for her injury and the city contending that Mrs. Mitchener was primarily liable, and she contending she was not liable in any event. In this condition of controversy that case went to trial, the city by course of conduct at the trial endeavoring to show that Mrs. Mitchener was liable and she endeavoring to show that she was not; while Mrs. Ryan was endeavoring to show that both of them were. The defendants filed separate answers and were represented by different counsel. The result of the trial of that case was that there was a failure to show a liability on the part of Mrs. Mitchener and a judgment was rendered for Mrs. Ryan against the city but against her and in favor of Mrs. Mitchener. That judgment was acquiesced in by the city and not appealed from.

In our opinion, the judgment in favor of Mrs. Mitchener is *res adjudicata* as to the present action and that the trial court properly so ruled. It has been held by the supreme

court that a judgment against two joint defendants who are not adversary, is not conclusive as between them. Bank v. Bartle, 114 Mo. 276; O'Rourke v. Railway, 142 Mo. 342.

But in a case of this nature where one defendant is primarily liable, that is, where the city, if held, could hold the property owner as being the one primarily liable to the injured party, the city and property owner are adversary parties, and a final judgment exculpating the property owner is conclusive against the city. Wiggin v. St. Louis, 135 Mo. 558. Such parties, nothing appearing to the contrary, are in antagonistic positions. Nor do we see that this statement of the relative position of the parties is qualified by what is said in O'Rourke v. Railway, *supra*. But be that as it may, the record of the case of Mrs. Ryan against the city and Mrs. Mitchener shows that they were antagonistic, not to the degree often exhibited, but yet adversaries.

Evidence was introduced for the purpose of connecting Mrs. Mitchener with the injury and rulings were made by the trial court in favor of one or the other of the two defendants and exceptions taken by the one ruled against. We have no hesitation in holding that the judgment in Mrs. Mitchener's favor is conclusive.

We have omitted mention of many authorities cited by respective counsel, since concessions made by each as to the decisive point in the case has made it unnecessary. The judgment will be affirmed. *Smith, P. J.,* concurs; *Gill, J.,* absent.