EATON & PRINCE COMPANY, Appellant, v. MISSISSIPPI VALLEY TRUST COMPANY, Respondent.

**St. Louis Court of Appeals, December 22, 1906.**

1. CONTRIBUTION: Joint Tortfeasors: Statutory Liability. Section 2870, Revised Statutes of 1899, does not affect the right of contribution among tortfeasors, where no judgment has been given for a common liability; that statute puts codefendants, in a *judgment* rendered in an action founded on tort, on the same footing with respect to contribution among themselves as that occupied by defendants in judgments on contract obligations.

2. ———: ———: Common Law Liability. Under the common law, joint tortfeasors were not liable for contribution among each other, where the wrong out of which the joint liability grew showed moral guile or intentional breach of duty; but where one of several wrongdoers was compelled to pay damages on account of an act for which he and his co-defendants were morally blameless, though legally liable, he could have contribution.

3. ———: ———: **Statutory Liability.** The statute, sec. 2870, Revised Statutes of 1899, allowing contribution among defendants in a judgment for tort, was intended to cover a case of the negligent omission of duty on the part of the several tortfeasors which concurred in causing the damage for which judgment was rendered, though there was no unity or concert of action on their part; therefore a petition in an action for contribution by one judgment defendant against another is not demurrable for failure to show that the tort for which the judgment was rendered was a single tortious act jointly committed by both judgment defendants.

4. ———: ———: ———: **Judgment Defendants.** In an action for a contribution, the mere allegation that a judgment had been recovered against the party seeking contribution and the party against whom it is sought, will not state a prima facie case; but where the petition alleged that the judgment was obtained against both parties for their "wrongful and negligent" act and that the plaintiff in the action for contribution paid the judgment on compulsion, he stated a cause of action; proof of such facts would make out a prima facie case and the burden would then fall on the defendant to show contribution ought not to be allowed because the plaintiff was primarily liable.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

REVERSED AND REMANDED *(with directions)*.

*Percy Werner* for appellant; *I. H. Lionberger* and *E. W. Pattison* of counsel.

(1) The general rule that there can be no contribution between tortfeasors is applied only in cases of intentional and conscious wrongdoing, in other cases of tort, it is allowed. 1 Kinkead's Commentaries on Torts, sec. 85; Bailey v. Bussing, 28 Conn. 458; Jacobs v. Pollard, 10 Cush. (Mass.) 287; Dysart v. Crow, 170 Mo. 275; Armstrong County v. Clarion County, 66 Pa. St. 218; Ankenny v. Moffit, 37 Minn. 109; Moore v. Appleton, 26 Ala. 633. (2) There is no intention in negligence. Kinkead's Commentaries on Torts, sec. 90; Raming v. Railroad, 157 Mo. 507; Holwerson v. Railroad, 157 Mo. 243; Heizer v. Mfg. Co., 110 Mo. 617; Bindbeutel

v. Railroad, 43 Mo. App. 463; Ruebsam v. Transit Co., 108 Mo. App. 437. (3) "Defendant in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract." R. S. 1899, ch. 17, sec. 2870. (4) This statute "is general in its nature, and applies to all judgments of this character." Brewster v. Gauss, 37 Mo. 518. (5) The judgment in the former case of Appel against these parties (97 Mo. App. 428) is conclusive on respondent here as to its negligence, and as to the proximate cause, in the matter of death of Appel. Waltemeyer v. Kansas City, 71 Mo. App. 354-360; Schweickhart v. St. Louis, 12 Mo. App. 594; Eichelmann v. Weiss, 7 Mo. App. 87; Ankenny v. Moffitt, 37 Minn. 111. (6) If it is necessary that the parties hereto should have occupied the position of adversary parties in the Appel case in order that the judgment in that case be conclusive on them on the questions of the negligence of each and the proximate cause in the matter of the death of Appel, the allegations in the petition that they became antagonistic in the St. Louis Court of Appeals in that case, are sufficient to that end. Chouteau v. Gibson, 76 Mo. 43; In re Estate of Meeker, 45 Mo. App. 186; Mitchell v. Mitchell, 6 Md. 233; Hammond v. Inloes, 4 Md. 165; Walker Tp. v. West B. Tp., 11 Pa. St. 98; Silk Mill v. Laubsch, 53 N. J. Eq. 69; Crane v. Blum, 56 Tex. 330.

*Joseph S. Laurie* for respondent.

(1) "There was no issue involving the liability of defendants between themselves raised by the pleadings or submitted on the evidence. There was no trial of the rights and liabilities of defendants between themselves, and the judgment did not operate as an adjudication of them. . . . The pleadings of defendants in this case

only put in issue the question of their respective liability to plaintiffs." O'Rourke v. Railroad, 142 Mo. 353. Bank v. Bartel, 114 Mo. 276; McM'ahan v. Gieger, 73 Mo. 145; Miller v. Gillespie, 59 Mo. 222; Springfield v. Plummer, 89 Mo. App. 530; Carmody v. Hanick, 85 Mo. 659; Savings & Loan Co. v. Bartsch, 51 Minn. 47; Koelsch v. Mixer, 52 Oh. St. 207; Harvey v. Osborne, 55 Ind. 534; Buffington v. Cook, 35 Ala. 312; Jones v. Vert, 121 Ind. 140; 25 Am. & Eng. Ency. Law, 731; Chand, Res. Adj., sec. 77; Bigelow, Estop. (5 Ed.), p. 101; Herm., Estop., sec. 138; Black on Judg. (2 Ed.), sec. 599; Freeman on Judg., sec. 158. (2) The second amended petition, as we have shown, is defective in failing to allege facts showing that Appel's death was the result of joint negligence on the part of the trust company and the elevator company, and we now submit that said petition is radically vicious, in that it shows by the recitals therein that the negligence of said defendants was not joint, that is to say, it thus appears that there was no concert of action and no unity of design between said parties. In order that a judgment defendant in an action of tort, as, for instance, trespass or personal injury, should be entitled to contribution from a codefendant, under the statute upon which this action is based, it is essential that such defendants should have acted in concert, and not indepenently of each other. Iron Co. v. Rice, 179 Mo. 480; R. S. 1899, sec. 2870. (3) It appears on the face of the second amended petition that plaintiff herein was primarily liable for the death of Appel, and, therefore, not entitled to contribution. O'Rourke v. Railroad, 142 Mo. 342; Gray v. Gaslight Co., 114 Mass. 149; Corey v. Havener, 182 Mass. 250.

STATEMENT.—This appeal was taken from a judgment sustaining a demurrer to appellant's petition, which reads as follows:

"Plaintiff, for its second amended petition herein, states that it is, and was at all times hereinafter men-

tioned, a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, and that defendant is, and was at all said times, a corporation duly organized and existing under the laws of the State of Missouri.

"Plaintiff for cause of action states that heretofore, to-wit, on the 13th day of October, 1898, one Margaretha Appel, as plaintiff, obtained a judgment in the circuit court of the city of St. Louis against plaintiff and defendant jointly, for the alleged wrongful and negligent killing of her husband, in the sum of $3,000 and costs, said judgment bearing interest from date, at the rate of six per centum per annum, and said costs amounting to the sum of $106.95; that both plaintiff and defendant thereupon took a separate appeal to the St. Louis Court of Appeals from the judgment rendered in favor of said Appel.

"And upon the hearing of said appeals by said Court of Appeals, that court first rendered a decision in which it held that while the defendant herein was clearly liable in said action on account of its negligence, there was no negligence on the part of this plaintiff which would render this plaintiff liable. Thereupon the defendant herein filed in said Court of Appeals its motion for a rehearing, on which said motion it contended that there was concurrent negligence of said defendant and this plaintiff, and that this plaintiff should be held equally responsible with the defendant herein. This plaintiff, as well as the plaintiff in that suit, resisted said motion for a rehearing, this plaintiff contending that the defendant herein was alone liable and that the decision of said Court of Appeals was right. But said Court of Appeals granted the defendant herein a new hearing, and the cause was reargued, both in print and orally, by both the parties to this suit, each of them insisting that the other was solely liable to the plaintiff Appel. Thereupon said Court of Appeals rendered a new and

further decision in which it again held that defendant. herein was certainly liable in said action; and that while the liability of this plaintiff was not so certainly fixed, on the whole record, it should be held to an equal liability with the defendant herein. Whereupon the defendant herein filed a new and further motion in said Court of Appeals for a rehearing, in which last mentioned motion it again urged and insisted that this plaintiff alone was liable, and that there was no evidence showing a liability on the part of the defendant here; but said last motion was by said Court of Appeals overruled, and it rendered a judgment affirming the aforesaid judgment of the circuit court of the city of St. Louis against both plaintiff and defendant, and sent down its mandate accordingly to said circuit court on the —— day of February, 1903; that the said Margaretha Appel in said action in which said judgment aforesaid was recovered, set up as and for her cause of action against said defendant that whilst her husband, George Appel, was at work as a carpenter on the 24th day of November, 1897, in an elevator shaft of a certain building known as the "Burlington Building" in the city of St. Louis, and notwithstanding that it was agreed between said George Appel and said defendants, the Mississippi Valley Trust Company and Eaton & Prince Company, that the elevator in said shaft should not be run whilst he, the said George Appel, was so working in said shaft, the elevator in said shaft was by said defendants negligently and carelessly allowed and permitted and directed to be run and operated in said shaft, and negligently and carelessly allowed and permitted to be run up to the seventh floor of said building and to strike a scaffolding or platform on which said Appel was standing while so at work, knocking same to pieces and inflicting injuries upon said George Appel which resulted in his death on the 3d day of December, 1897; that it appeared in evidence on the trial of said cause of action that the Mississippi Valley

Trust Co. was the owner of the said building at the time in question and was exercising a direct supervision and control over the execution of the very work on which said George Appel was engaged at the time of his injury, and that it negligently allowed said elevator to be run up in said shaft and strike said scaffold without notifying said Appel in time to enable him to avoid being injured, notwithstanding it had promised the said Appel and his employer that the said elevator should not be run whilst the said Appel was so at work, and that said Appel was injured thereby and thereafter died of said injuries for which said negligence it, the said Mississippi Valley Trust Company was adjudged liable to said Margaretha Appel as aforesaid; and that it also further appeared in evidence that the Eaton & Prince Co. was one of a number of independent contractors with said Mississippi Valley Trust Company, owner as aforesaid at work in said building, and was engaged in putting elevators in said building, and that a certain servant of said defendant, Eaton & Prince Co., then at work in the basement of said building, who had knowledge of the dangerous position of the said George Appel, placed a stranger to said defendant, Eaton & Prince Co., in charge of said elevator, with directions to run it out of his, the said servant's way, but without directions to go any particular distance and negligently failed to give him warning of the presence of the workmen overhead and directions not to run it to the height where Appel was working, and that said stranger so placed in charge of said elevator, after taking the elevator out of the way of the said servant of said defendant, and stopping it at the second floor of said building, undertook to accommodate an outsider by carrying him in said elevator to the seventh floor, and whilst so engaged brought the said elevator in contact with the said scaffolding and caused the death of said George Appel as aforesaid; for which said negligence on the part of its said servant in

so failing to warn said stranger so placed in charge of the said elevator, of the dangerous position of said Appel, the said Eaton & Prince Co. was adjudged liable to said Margaretha Appel.

"Plaintiff states that thereafter on, to-wit, the 13th day of March, 1903, it paid and discharged the said judgment, with interest and costs, in full, to-wit, $3,795 for said judgment and accrued interest and $106.95 for costs, and had same satisfied of record in said court.

"Plaintiff states that said judgment was founded on an action for the redress of a private wrong as aforesaid, that it has demanded contribution of defendant for the moneys paid as aforesaid in satisfaction of said judgment, which has been refused by defendant, and that an action has thus accrued to plaintiff to compel contribution from the said defendant for one-half of said amount, to-wit, for nineteen hundred and fifty dollars and ninety-seven cents, for which amount it prays judgment against defendant, with six per cent interest thereon from the 13th day of March, 1903, and for costs of this action."

We copy the demurrer to the foregoing petition, which was sustained:

"Now comes the defendant and demurs to plaintiff's second amended petition, for the reason that the same does not state facts sufficient to constitute a cause of action, in this, that said petition fails to allege any facts showing that plaintiff is entitled to contribution from defendant.

"(1)  Said petition fails to aver that the death of Appel was occasioned by the joint negligence of Eaton & Prince Company and the Mississippi Valley Trust Company, or that in point of fact the Mississippi Valley Trust Company was guilty of any negligence in the premises.

"(2) .It does not appear from any allegation in the petition that there was any unity or concert of action

between the trust company and the elevator company in causing the death of Appel.

"(3) It appears from said petition that the Eaton & Prince Company, plaintiff herein, was primarily liable for the death of Appel."

GOODE, J. (after stating the facts).—The purpose of this action is to enforce contribution from respondent toward reimbursing appellant for the amount of a judgment recovered in an action of tort against both appellant and respondent as codefendants. The action which led to the judgment was brought by Margaretha Appel to obtain damages for the death of her husband. She charged that his death was caused by the negligence of said codefendants. It is stated in the present petition that both appellant and respondent appealed to this court from the judgment against them in favor of Mrs. Appel and that the appeal resulted in an affirmance of the judgment; that after the affirmance, appellant paid the full amount of the judgment with interest and costs and demanded contribution, which was refused. The contents of the petition may be divided into four parts. The first part consists of allegations of the rendition of the judgment in favor of Mrs. Appel in the circuit court, its affirmance in this court, its subsequent discharge by appellant, the demand for contribution and respondent's refusal to contribute. The second part of the petition consists of certain allegations regarding the proceedings on the appeal of the original action. These allegations are, in substance, that in the decision first given by this court, it was held that respondent, the Mississippi Valley Trust Company, was liable for Appel's death because of said company's negligence; but, that appellant had been guilty of no negligence which laid it liable; that thereupon respondent filed a motion for rehearing, contending there was concurring negligence on the part of both respondent and appellant and appellant should be held

equally liable for the death of Appel; that appellant resisted said motion for rehearing, contending that respondent alone was liable; that a rehearing was granted and the appeal was reargued by both parties, each insisting that the other alone was liable for Appel's death; that afterwards another decision was rendered by this court in which respondent was again held liable and it was ruled that though appellant's liability was not so clear, it should be held to equal liability with respondent; that, thereupon, respondent filed another motion for a rehearing, in which it again insisted that appellant alone was liable and there was no evidence showing liability on its (respondent's) part; which last motion was overruled and the judgment of the circuit court of the city of St. Louis affirmed. The third part of the petition consists of averments concerning the statement of her cause of action by Mrs. Appel against the parties to the present action, as codefendants in the former one. She is said to have alleged, in substance, that her husband was at work as a carpenter in an elevator shaft of a building in the city of St. Louis; that it had been agreed between said Appel and the Mississippi Valley Trust Company and the Eaton & Prince Company that the elevator in said shaft should not be run while said Appel was working in it; but notwithstanding this agreement both said parties negligently and carelessly permitted and directed the elevator to be run and operated in said shaft, and negligently and carelessly permitted it to be run up to the seventh floor of said building and strike a platform on which Appel was standing, thereby inflicting injuries on him which resulted in his death. The fourth part of the petition undertakes to state the substance of the evidence on which a verdict was given against both companies at the trial of Mrs. Appel's case. That evidence is said to have shown the trust company was the owner of the building in which Appel was at work and was ex-

ercising a direct supervision and control over the work in which he was engaged when killed; that said company negligently allowed said elevator to be run up said shaft and strike the platform, without warning Appel, notwithstanding the fact that it had promised him and his employer that the elevator should not be run while he was so at work in the shaft; that Appel was injured thereby and died of his injuries; that for said negligence the trust company was adjudged liable to said Margaretha Appel as aforesaid. The present petition states also that the evidence in the Appel case showed the Eaton & Prince Company was one of several independent contractors who had contracted with the Mississippi Valley Trust Company for work on its building; that the Eaton & Prince Company was putting elevators in the building; that a servant of said Eaton & Prince Company, at work in the basement of this building, who knew of the dangerous position of Appel, placed a stranger to the Eaton & Prince Company in an elevator with directions to run it out of said servant's way; that said servant failed to give the stranger notice of the dangerous position of Appel overhead; that the stranger took the elevator out of the servant's way and, on stopping at the second floor, undertook to carry the elevator to the seventh floor to accommodate a passenger who wished to ascend, and in doing so brought the elevator into violent contact with the platform on which Appel was at work, throwing him therefrom and injuring him so that he died. From the allegations regarding the evidence in the Appel case it appears that the Mississippi Valley Trust Company was held liable in damages for Appel's death because, as the owner of the building wherein Appel was working and while in the exercise of direct supervision and control over the work he was doing, it negligently allowed the elevator to be run up the shaft and strike the platform on which he was standing, in disregard of a promise it had given to

him that the elevator should not be run while he was working in that place. It further appears that the Eaton & Prince Company was held liable because of the negligence of its servants in directing a stranger to move the elevator out of said servant's way, without warning the stranger that Appel was at work overhead and might be injured if the elevator ascended to where he was.

The question for decision is whether proof of the facts alleged in the petition would constitute a prima facie case against respondent for contribution. It is often said in judicial opinions treating the subject according to the common law, that contribution is not allowed among tortfeasors; a statement much too broad and subject to exceptions of wide application. A statute of this State bears directly on the question before us; hence we are concerned with the common law rule and its limitations chiefly as aids in the effort to ascertain the scope and meaning of the statute; which is shown by its terms to have been enacted to alter, and not to declare, the common law on the subject. The enactment reads:

"Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract." [R. S. 1899, sec. 2870.]

That statute does not speak of the right of contribution when one of several tortfeasors has paid a common liability under compulsion, but without a judgment being given. It speaks only of the right of codefendants in a judgment in an action founded on a tort. Such defendants are put in as favorable a position, in respect of contribution, as is occupied by defendants in judgments on contract obligations. Independently of a statute, both indemnity and contribution are allowed among wrongdoers under proper circumstances. A party forced

to pay damages for a tort for which he was legally, but not morally, responsible, is entitled to indemnity from the party who is really to blame. If an agent in obeying an order of his principal, in the belief that the latter had the right to give it, commits a tort, and the order was to do an act not wrong in itself, the agent may collect indemnity from the principal for any damages he is compelled to pay. [Adamson v. Jarvis, 4 Bing. 66; More v. Appleton, 26 Ala. 633.] Or if a city street is wrongfully obstructed by an individual, whereby injury results to some one who mulcts the city, the original wrongdoer is liable over to the city. [Woburn v. Railroad, 109 Mass. 283.] And an owner or occupant of a building who has to pay damages to a party injured by the premises being out of repair, may recover indemnity from a third party who negligently caused them to be so. [Gray v. Gaslight Co., 114 Mass. 149; Churchill v. Holt, 127 Mass. 165.] Like instances could be multiplied. The principle on which such indemnities are allowed is that the ultimate loss ought to fall where the blame rests. [Cooley, Torts (2 Ed.), pp. 167, 168.] Now this principle is adopted in granting contribution among two or more wrongdoers who were to blame for the damage done. In such a case the party mulcted may have contribution, unless the facts connected with the tort were of such a character that the law will refuse the parties in fault any relief as against each other. There is not complete unanimity among the decisions regarding what facts will defeat the right to contribution. If the wrongful act which occasioned the damage was intentionally or wantonly committed by several individuals, the common law granted no relief to the one who was forced to pay. This was on the principle that courts will protect no one against the consequences of his own willful violation of the law. It is said, too, that if the party asking contribution was ignorant of the illegality of the dam-

123 App—9

aging act, but the circumstances rendered his ignorance inexcusable, he will be denied redress. [Cooley, Torts, pp. 170, 171; 1 Kinkead, Torts, sec. 88.] It is probably accurate to say that when the tortious conduct of several persons causes damage, and their conduct shows moral guile or an intentional breach of a legal duty, the common law grants no contribution. The following authorities may be consulted on the subject, and though they vary in their utterances according to the facts under review, we think they will be found to support the foregoing statement of the law: [1 Kinkead, Torts, chapter VI; Story, Partnership, sec. 220; Bailey v. Bussing, 28 Conn. 1; Jacobs v. Pollard, 10 Cush. (Mass.) 287; Horbach's Amdrs. v. Elder, 18 Penn. St. 33; Armstrong County v. Clarion County, 66 Penn. St. 218; Nashua, etc., Co. v. Railroad, 62 N. H. 159; Johnson v. Torby, 35 Nev. 604; Acheson v. Miller, 2 Ohio St. 203; Herr v. Barber, 13 D. C. 545, 556; Wooley v. Batte, 2 Car. & P. 47.] It is certain that when one of several wrongdoers is mulcted for an act for which he and his co-tortfeasors were morally blameless though legally liable, he may have contribution. [Carterville v. Cook, 16 Am. St. Rep. 248; note on page 256. See, too, cases, supra.] An instance of this sort was Horbach's Admrs. v. Elder, 18 Pa. St. 33, wherein one of several proprietors of a stage coach had been made to pay damages caused by the carelessness of a driver, and was given contribution against his co-owners. In instances of trespass and possibly in other kinds of torts, contribution has been enforced, although all the parties were in fault, but without moral turpitude or an intention to violate the law. [Acheson v. Miller, 2 Ohio St. 203; Herr v. Barber, 2 Mackey 545; Thweatt's Admr. v. Jones, 1 Rand. (Va.) 328.] In two cases the remedy was allowed, though it appeared that a fraud had been attempted. [Janvrin v. Curtis, 63 N. H. 312; Goldsborough v. Darst, 9 Ill. App. 205.] The tone of the decisions supports the doctrine

that in the instance of a negligent tort, when there was no intentional wrong or moral guilt, but two or more tortfeasors were actually to blame in fact as well as in law, there can be contribution. [Coit v. Tracy, 9 Conn. 15; Armstrong Co. v. Clarion Co., 66 Pa. St. supra; Johnson v. Torpy, 55 Neb. 604, and other cases cited supra; 7 Am. and Eng. Ency. Law (2 Ed.), p. 365.] We have found two authorities holding the contrary doctrine. [Churchill v. Holt, 131 Mass. 67; Spalding v. Oakes, 42 Vt. 232.] In the note on this subject appended to Carterville v. Cook, 16 Am. St. Rep. 248, we find on page 256, this comment on the present state of the law:

"If neither party to the action was personally at fault, but one of them has been compelled to respond in damages, as where one of the servants or agents of a partnership has been guilty of negligence for which the plaintiff, as one of the partners, has been obliged to pay, there is no doubt that he may compel contribution from the other partners.

"While the decisions on the subject are as yet infrequent and meager, we think we may safely say that they maintain that where two or more persons are jointly and equally answerable for negligence, and one of them has been compelled to discharge the whole liability, he is entitled to contribution from the others, provided the circumstances are not such that he must be presumed to have intended to do an unlawful act or an intentional wrong. Where the negligent acts have been separate and distinct, and committed by persons not partners, nor jointly acting nor interested in a common purpose, it may be that the rule is inapplicable; but we have met with no cases either affirming or denying the applicability."

It is apparent from the authorities that if there were no statute in point, appellant would be entitled to contribution on the allegations of the petition, unless the circumstance that both it and respondent were passively

negligent in different respects and thereby proximately contributed to Appel's death, would suffice to exclude relief, and the weight of judicial opinion is against the view of the law. The negligent omissions of appellant and respondent were simultaneous or concurrent, and each was a proximate cause of the accident. This being true, both parties properly could be, and actually were, sued in one action. [Colgrave v. Railroad, 20 N. Y. 492; Cooper v. Transportation Co., 75 N. Y. 116; Cuddy v. Horn, 46 Mich. 596; Wabash, etc., Railroad v. Schacklett, 105 Ill. 364.] We are of the opinion that our statute giving contribution among defendants in tort judgments was intended to and does cover such a case; whatever may be said about its effect on the common law rule in cases of torts either willful or tainted with moral turpitude.

It is insisted that no facts are alleged in the petition to show joint negligence on the part of the trust company and the elevator company, or that there was concert of action or unity of design between said companies in connection with the causes leading to Appel's death. And the yet more radical proposition is advanced that the petition shows the negligence of the elevator company was the primary cause of his death. The last proposition is certainly erroneous. As far as the statements of the petition are concerned, there is nothing to show appellant was any more to blame than respondent. According to the averments respondent had promised Appel that the elevator should not be moved while he was at work in the shaft and negligently failed to keep this promise. If this was true, respondent was as directly at fault as appellant, whose servant carelessly intrusted the elevator to a stranger, without warning the latter of Appel's presence overhead. It is true appellant was at work in the building as an independent contractor, and that respondent was not answerable to third persons for injuries due to appellant's negligence. But re-

spondent was answerable for its own negligence to any one injured by it; and, if, as the petition asserts, it had promised to protect Appel from a movement of the elevator, it was under as much obligation to prevent the elevator from being run up to the scaffold where he stood, as appellant's servant was to warn the stranger not to run it up that far. The allegations of the petition do not show conclusively that the trust company, if it had paid Mrs. Appel's judgment, would have been entitled to indemnity from the elevator company because the latter alone was guilty of actual negligence, nor that the trust company was held responsible to Appel's widow on the bare fact that it owned the building, or stood in some legal relationship to the Eaton & Prince Company which made it answerable for the latter's torts.

As to the proposition that the statements of the petition show there was no joint negligence or concert of action between appellant and respondent in connection with Appel's death, we answer that it may be allowed that no unity or concert of action appears; for it was not action, but non action, or a negligent omission of duty by both parties, which constituted the gravamen of Mrs. Appel's case against them. Her case rested on their failure to act. The breaches of duty relied on by her to establish liability against the respective companies were both of a negative character. Therefore, it well may be said that there was no unity or concert of action. But, as we have said, the breaches of duty by the two companies coincided in point of time and the joint consequence was the death of Appel. Moreover, concurrent omissions of duty were required to bring about the tragedy. As the facts of the accident are given by appellant's petition, the negligence of either defendant would not, of itself, and without negligence on the part of the other, have resulted in harm. If joint negligence on the part of the two companies is essential to the enforcement of contribution, and if by "joint negligence," is meant that both com-

panies must have failed of duty to Appel in the omission of an identical care, instead of omitting separate acts of care at the same instant, then appellant's petition fails to state a cause of action. Such a rule would shrivel the statute, and wrongdoers would have a smaller right of contribution than, according to most authorities, they enjoyed at common law when there was no intentional wrong but only passive fault. If by joint negligence is meant that the wrongdoers must have engaged in a conspiracy to commit a tort, before contribution will lie under the statute, it may be said that such a rule would be inconsistent with the principle universally necognized that men cannot be relieved against the penalty of illegal acts intentionally done. [Cooley, Torts (2 Ed.), pp. 153, 167.] There is no reason or principle to justify allowing contribution in that sort of a case and not in one of negative wrong. Shall contribution be allowed among those who conspired to commit an assault and battery, or a trespass, or to libel, and not among those who hurt another by failing in some precaution they should have taken? Surely the Legislature in enacting the statute we are dealing with, contemplated no such interpretation of it. An eminent writer in treating this subject states the common law exactly to the contrary. "Whoever by his pleadings in any court of justice avows that he has been engaged with others in an unlawful action, or has concerted with them in an unlawful enterprise, and that in arranging for carrying it out, he has been unfairly treated by his associates, or has suffered an injustice which they should redress, will be met by the refusal of the court to look any further than his complaint, which it will at once order dismissed." [Cooley, Torts, p. 172.] The learned author then states the reasons for this doctrine, which show that the purpose of it is to discourage unlawful undertakings. We hold the remedy ought to lie if the tortfeasors were guilty of only involuntary and passive breaches of duty which concurrently

and proximately caused the damage, and that the statute was enacted, among other purposes, to set at rest the uncertainty of the law in such cases.

The decision in Paddock-Hawley Iron Co. v. Rice, 179 Mo. 480, is said to hold against the right of contribution under the statute except when there is concert of action in committing a tort. The facts of that case distinguish it radically from this one. Several attaching creditors had levied writs on property not owned by their debtor, and one of them had been sued by the owner of the property and forced to pay damages for the trespass. He sued the other creditors for contribution and was denied relief. No joint judgment had been recovered against the several creditors by the party damaged and hence the statute did not apply to the case. Moreover, it is obvious that the separate levies were not only disconnected, but that a seizure of the property under either would in itself, have caused the entire damage for which the owner got judgment. It is obvious, too, that the case was one of active, and not passive wrong.

In Brewster v. Gauss, 37 Mo. 518, an action for contribution was sustained on facts identical with those in the case of Paddock-Hawley Iron Co. v. Rice, except that in the latter there had been no joint judgment whereas, in the former, there had been, and the action was on the statute. It was held in Brewster v. Gauss, that though no joint trespass had been committed by the attaching creditors, the joint judgment against them for damages was conclusive that there had been. Contribution was awarded for the damages Brewster & Company had paid, except to the extent they had been reimbursed out of the proceeds of the sale of the attached property. That decision is a controlling authority in the present case, and we hold appellant's petition is not demurrable for failing to show appellant and respondent jointly committed a single tortious act which caused Appel's death.

Respondent's argument against the petition contains the further idea that no case is stated because two persons may be answerable as wrongdoers to a third person when, as between themselves, only one is liable. For instance, the active party in causing damage may have been an employee who alone was responsible as between him and his employer, though the latter might be mulcted by the party injured. It is said there are no averments to show that some such situation did not exist in the Appel case. Any relationship of appellant and respondent which would exonerate respondent from liability in this action, is matter of defense. It is, perhaps, true that in actions for contribution sounding in either contract or tort, the mere allegation that a judgment had been recovered against the party seeking contribution and the party against whom it is sought, without saying what the judgment was for, will not of itself, state a prima facie case. The bare statement that a joint judgment had been recovered and paid by one defendant, has been held not to disclose an obligation on the other defendant to make contribution. [Bailey v. Bussing, 29 Conn. 1.] In that case a passenger on a stage coach had been negligently injured in such a way that three persons, Turner, Whitlock and Bussing, had been cast in damages for the injury. Turner paid the judgment and, he having died, his executor brought suit against Bussing for contribution. The declaration was an ordinary one in assumpsit and alleged that Turner, Whitlock and Bussing became jointly and severally indebted to Haight by reason of a judgment obtained by Haight against them; that Turner paid the judgment and it then became the duty of Bussing to reimburse him for one-third of the amount paid, in consideration of which duty Bussing promised to make such reimbursement, but never did. That declaration was held by a divided court to show no case for contribution, because it showed no consideration for Bussing's promise; since there

might be many judgments against several persons of such a nature that no contribution could be claimed between them. The opinion instanced judgments against two for slander, assault and battery, or other torts in which there was a willful violation of the law; wherefore contribution would not lie. That action was not on a statute which gave the right of contribution to judgment debtors in tort cases; it was in assumpsit and on an alleged promise of the defendant. This action is on a statute imposing a duty on joint defendants in a tort case to contribute toward paying the judgment. This fact meets the objection raised in the Bussing opinion about the petition showing no consideration for Bussing's promise to contribute. Our statute requires contribution unless there are exceptional facts. Moreover, the petition in the present case is different. It shows what the original case was in the statement that the judgment was obtained by Mrs. Appel against both parties for the alleged "wrongful and negligent killing of her husband." That and the allegation of payment by appellant are the gist of the petition. We care but little for the averments about the grounds on which the liability of each party was contested in this court, the allegations of negligence preferred against each by Mrs. Appel and the substance of the evidence adduced by her in support of the allegations. The essence of respondent's contention is that appellant was bound to make positive allegations regarding the particulars of Appel's death. In other words, respondent insists that to make a prima facie case for contribution, appellant must allege and prove respondent's negligence was a proximate cause of Appel's death and not merely that his widow got judgment against appellant and respondent for causing his death by negligence. This ruling would deprive appellant of any benefit from the judgment rendered in favor of Mrs. Appel; whereas, the purpose of the statute is to allow contribution unless reasons to the contrary are shown.

We will concede respondent's contention that said judgment does not conclusively establish in this action, that respondent was to blame for Appel's death, or that the facts of the affair were such as to permit of contribution. This is because appellant and respondent were codefendants in said cause and, for aught that appellant's petition states, were not adversary parties at the trial. [O'Rourke v. Lindell R. R., 142 Mo. 342, 44 S. W. 254.] But this concession is very different from saying that appellant gets no benefit from the original judgment. In our opinion a prima facie case would be made out by proving it was rendered against both defendants because of negligence by them which caused the fatal accident and that appellant paid it under compulsion. When these things were proved it would appear, prima facie, that appellant and respondent were joint defendants in a judgment in an action for a private wrong which was negligently and not intentionally done. Then the burden would fall on respondent to show no contribution ought to be awarded, because appellant was primarily and actually in fault and respondent only secondarily so. This is the effect of the decision in Brewster v. Gauss, 37 Mo. 518.

Our statute likens the right of contribution in tort judgments to the right as it exists in judgments on contracts. In Newcomb v. Gibson, 127 Mass. 396, which was an action for contribution to reimburse plaintiff for money paid on a judgment against him and Gibson, Newcomb put in evidence the record of the action against them and also one Smalley on a promissory note signed by Smalley and payable to the order of Foss, with the names of Newcomb and Gibson on the back. He proved the judgment in said action against the three signers of the note and that he had paid it. The court held a prima facie case was made by those facts, saying:

"The plaintiff claims contribution from the de-

fendant for money paid to satisfy a judgment and execution recovered by Foss against them jointly, on a note payable to Foss or order, given by Smalley, and indorsed by the plaintiff and defendant. The judgment is prima facie evidence that the plaintiff and defendant were equally, as well as jointly, liable for its payment. If the defendant would escape his liability to contribute toward its payment, he must show that the relation between them was not that of joint principals or joint sureties in the original note, but that he became a party to the note for the benefit and accommodation of the plaintiff. For the purpose of ascertaining the relations of the parties to a promissory note with a view to the remedy between themselves, when one pays the whole, or more than his share, the fact may be proved by any competent evidence that one was principal and the other surety; or that one who appears on the note as first indorser was in fact a cosurety, with a subsequent indorser. The fact is collateral to the contract and is no part of it. [Weston v. Chamberlain, 7 Cush. 404.] Nor is the evidence excluded when the contract is merged in a judgment; it is not offered to contradict the judgment; and there is the same reason for its admission to show the relation of parties who are joint debtors, as there is for its admission to show the relation of joint debtors in a contract."

That decision is directly in point on what a party must prove in order to establish a prima facie right to contribution in reimbursement of a satisfied judgment against him and the party he sues. The problem before us is really one of the burden of proof; whether appellant must negative the existence of facts which would exonerate respondent from the duty to contribute, or respondent must allege and prove such facts in order to be exonerated.

The case of Bailey v. Bussing was twice before the Supreme Court of Connecticut. We have digested the

opinion on the last appeal wherein the petition was considered. But on the first appeal the only question raised was as to the right to contribution and the sufficiency of the proof made. The court in the action for damages then said the judgment was *prima facie* evidence of a joint debt and duty against the three defendants in that action.

In Armstrong County v. Clarion County, 66 Pa. St. 218, a traveller was injured in crossing a defective bridge on the border of two counties which both counties were legally bound to keep in repair. He having recovered damages from one county, said county brought an action for contribution against the other.

In Ankeny v. Moffit, 37 Minn. 109, where a judgment had been obtained against two defendants for negligence which one was forced to pay and sued the other for contribution, it was held that as they had been guilty of no intentional wrong, a case for contribution was presented. It should not escape attention that this conclusion was reached on the common law; for, though a statute was dealt with, it was not one like ours, relating to contribution among judgment defendants in damage actions, but simply a general statute providing a procedure to enforce contribution and subrogation among joint judgment debtors. The codefendants in the last case were held to be joint judgment debtors; wherefore the plaintiff was entitled to the benefit of the statute, it having been determined to be a case for contribution according to common law principles.

We hold that proof of the averments in appellant's petition would constitute a prima facie, but not a conclusive, case against the respondent for contribution. Therefore the judgment will be reversed and the cause remanded with a direction to overrule the demurrer. All concur.