JOEL W. ARNETT, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. Release: JOINT TORT FEASORS: SATISFACTION. The release of one of several joint tort feasors is a release of all, but the wrongdoer must show that the damages have been satisfied.

2. ———: SATISFACTION: HOW SHOWN. Satisfaction may be shown as a matter of law by technical release under seal, which is conclusive, or the same may be shown as a matter of fact.

3. ———: COVENANT NOT TO SUE: SATISFACTION. A paper set out in the opinion is construed to be a covenant not to sue, and not a release, and is not a bar to the other wrongdoer.

4. ———: TORT FEASORS: SATISFACTION. If the injured party receives full satisfaction from one of several wrongdoers, it will release all, even though intended to release but one, for there can be but one satisfaction.

5. ———: SATISFACTION: QUESTION FOR JURY. The paper set out in the opinion leaving in doubt whether the amount therein received was in full satisfaction of damages, that question was properly left to the jury with direction that if that amount was found not to have been received in full satisfaction to allow it as payment *pro tanto.*

6. ———: ———: CONJECTURAL DAMAGES. The distinction in cases of release between damages wholly conjectural and those the subject of definite estimate is not passed upon, since if not all the damages sustained by the plaintiff, at least part, are subject to definite ascertainment.

7. Damage: MEASURE OF: NURSES. An instruction allowing the jury to consider the pay of nurses in assessing damages is error, since there was no proof that nurses were hired.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

REVERSED AND REMANDED.

*John W. Beebe* for defendant.

(1) The defendant's demurrer to the evidence should have been sustained, because the agreement between the Rock Island company operated in law to discharge the Union Pacific. Cooley on Torts, p. 349; *Tompkins v. Railroad,* 66 Cal. 164; *Setcher v. Traction Co.,* 125 Pa. St. 403; *Goss v. Ellison,* 136 Mass. 503; *Liddy v. Barney,* 2 N. E. Rep. 197; *Ellis v. Bittier,* 21 Ohio, 295; *Allen v. Wheatley,* 3 Blackf. (Ind.) 332. (2) The said agreement is not ambiguous and parol evidence was inadmissible to show how and why it was executed. *Goss v. Ellison,* 136 Mass. 503. (3) But if admissible there was no question for the jury on plaintiff's own testimony as to how and why said release was executed. *Tompkins v. Railroad, supra; Setcher Traction Co., supra.* (4) The fifth instruction should not have been given for the foregoing reasons and the further one that in actions in tort, where the damages

rest in opinion merely, undecided, and not susceptible of precise estimation, the release of one joint wrongdoer for a certain sum releases them all absolutely and not *pro tanto*. *Long v. Long*, 57 Iowa, 497; Am. and Eng. Encyclopedia of Law, 105; *Ellis v. Esson*, 50 Wis. 138; Am. and Eng. Encyclopedia of Law, 105, and many cases cited. (5) If not reversed the cause should be remanded for error in plaintiff's instruction on the measure of damages. There was no evidence that the plaintiff expended money for medicines or nurses. *Boggers v. Railroad*, 118 Mo. 328.

*Rowell & McWain, Chase & Bartlett* and *J. L. Grider* for respondent.

(1) Defendant company and the Chicago, Rock Island & Pacific Railway Company were not joint tort feasors. The liability of the Union Pacific Railway Company was direct or primary, while that of the Rock Island company was remote or secondary, and they were improperly joined as codefendants. The Union Pacific Railway Company was and is alone responsible to the plaintiff. *Railroad v. Barron*, 5 Wall. (U. S.) 90; S. C. L. C. P. Co. [Ed. Book 18], 591, and cases cited; *Colegrove v. Railroad*, 20 N. Y. 492; Cooley on Torts [2 Ed.], 162. Wrongs not intended. Addison on Torts, p. 36. Torts founded on negligence. *Stanley v. Railroad*, 114 Mo. 606; *Gordon v. Livingston*, 12 Mo. App. 267; *Railroad v. Barron, supra; Colegrove v. Railroad, supra; Stodder v. Railroad*, 2 N. Y. S. 780; *Abbott v. Johnston*, 80 N. Y. 27. (2) But assuming that the Rock Island was a joint tort feasor and primarily liable with defendant company, the acceptance of the one hundred and fifty dollars ($150) from that company is no bar to this action, unless it was received in full satisfaction of plaintiff's claim. 20 Am.

and Eng. Encyclopedia of Law, 764, 765; Cooley on Torts, 139; *Mathews v. Mfg. Co.*, 3 Robt. (N. Y.) 713; *Lovejoy v. Murray*, 3 Wall. (U. S.) 1; *Bloss v. Plymale*, 3 W. Va. 393; *Conch v. Mills*, 21 Wence (N. Y.), 424; *Line v. Nelson*, 38 N. J. 358; *Bonney v. Bonney*, 29 Iowa, 448. If received in full satisfaction of the claim, it is conceded to be a bar, as plaintiff is entitled to but one satisfaction. If in part satisfaction it can operate only *pro tanto*. *Ellis v. Esson*, 50 Wis. 138, cited by defendant. (3) The purpose for which the consideration was received and the intention of the parties at the time, was a question for the jury, and it was properly submitted to them, and evidence as to intention was properly allowed. *Chicago v. Babcock*, 143 Ill. 358; 32 N. E. Rep. 271; 1 Am. and Eng. Encyclopedia of Law, 105, and cases cited. *Railroad v. Hall*, 125 Ind. 220; *Rowe v. Rand*, 12 N. E. Rep. (Ind.) 377; *Reed v. Ins. Co.*, 95 U. S. 23. (4) No question is made but that plaintiff's instruction number 3 states the law properly upon the question of damages. If error, it was harmless, and furnishes no ground for reversal. Rev. Laws of Mo. 1889, secs. 2100 and 2303; *Sickil v. Scott*, 66 Ill. 106; *Haniford v. City of Kansas*, 103 Mo. 172; *Choutian v. Uhrig*, 10 Mo. 62; *Otto v. Bint*, 48 Mo. 23; *Fitzgerald v. Baker*, 96 Mo. 661; *Bassett v. Glover*, 31 Mo. App. 150; *McGrew v. Railroad*, 109 Mo. 382; *Moss v. Richie*, 50 Mo. App. 75; *Mitchell v. Bradstreet Co.*, 116 Mo. 226; *Bindbeutal v. Railroad*, 43 Mo. App. 463.

ELLISON, J.—Plaintiff sued defendant for personal injuries inflicted upon him in an accident, while a passenger on defendant's train. He recovered a judgment in the trial court. It appears that the accident happened in a collision by defendant's train with a train on defendant's road, which belonged to, and was

operated by, the Chicago, Rock Island & Pacific Railway Company, and that plaintiff joined the latter road as a codefendant in this action, alleging their joint wrongful negligence. Shortly before the trial, the plaintiff and the Chicago, Rock Island & Pacific Railway Company entered into the following agreement, which the defendant has pleaded in bar of plaintiff's action, viz.:

"In the Circuit Court of Cass county, Missouri, September Term, 1893.

"Joel W. Arnett, Plaintiff, }
v.
"Union Pacific Railway Company and The Chicago, }
Rock Island & Pacific Railway Co., Defendants. }

"It is hereby stipulated and agreed that, upon the trial of the above entitled cause, said plaintiff will not make out even a *prima facie* case against said Chicago, Rock Island & Pacific Railway Company and will not oppose that defendant's demurrer to its evidence. But in the event that the court shall refuse to sustain said demurrer to its evidence, then that plaintiff will, in any event, dismiss said cause as to Chicago, Rock Island & Pacific Railway Company before said cause shall be submitted to the court or jury and will not thereafter make any claim or demand of any kind against said Chicago, Rock Island & Pacific Railway Company, on account of the injuries received by plaintiff by reason of the negligence of said defendants, or either of them. In consideration of all which, said defendant, the Chicago, Rock Island & Pacific Railway Company, hereby agrees to pay to said plaintiff, or to his attorney of record, the sum of $150 in money and furnish transportation for plaintiff and his wife over the lines of its road for two round trips between Kansas City and Chicago and that it will not claim of plaintiff its costs for depositions taken in said cause.

"Dated at Kansas City, September 29, 1893.
                "JOEL W. ARNETT,
            "By ROWELL & MCWAIN for plaintiff.
        "W. F. EVANS and MCDOUGAL & SEBREE,
                "For C., R. I. & P. R'y Co."

Defendant claims that this writing was a release of the Chicago, Rock Island & Pacific Railway Company and operated as a release of the defendant, a joint wrongdoer.

The proposition that the release of one of several joint *tort feasors* is a release of all is one which has scarcely met with doubt or question. This is upon the ground that there is but one injury, for which all are liable and the party injured entitled to but one compensation. But the release is based on the idea of satisfaction for the wrong done, and a wrongdoer can not be discharged of the injury he has done, until he shows that the damages have been *satisfied*, either by himself or his joint trespasser. *Satisfaction* for the injury to the party injured must appear, before the action is barred. By keeping in mind this suggestion, which is evidently just, a solution of the question presented by the foregoing written paper will be more readily understood.

Satisfaction may be accomplished, or shown, in two ways: One, as a matter of law, by a technical release, under seal; and the other as a matter of fact. To constitute the former, there must be a technical release under seal, and when so executed it is conclusive on the party injured and will be deemed a satisfaction in law. *Bloss v. Plymale*, 3 W. Va. 393; *Fink v. Green*, 5 Barb. 455; *Rowley v. Stoddard*, 7 Johns. 207; *De-Zeng v. Bailey*, 9 Wend. 336. "A release is considered a satisfaction in law and equivalent to a satisfaction in fact." 5 Bacon, 762. "A release is as good a satisfaction in law, as a satisfaction in deed." *Cocke v. Jennor,*

Hobart's Report, 66. The idea of satisfaction runs through all the cases. It is said that: "There must be satisfaction or its equivalent," a release. *Lovejoy v. Murray*, 3 Wall. 1; *Sheldon v. Kibbe*, 3 Conn. 214. "A release to one of two or more joint trespassers, is a release to both, upon the principle of its being satisfaction." *Brown v. Marsh*, 7 Vermont, 320; *Eastman v. Grant*, 34 Vermont, 387.

It is thus apparent that since there is here no release under seal, there has been no satisfaction of plaintiff's injury by operation of law; and the remaining question is, has there been as a matter of fact. From a mere reading of the foregoing written paper, the implication is evident, that the plaintiff did not intend to release the defendant. The paper begins with the title of the cause naming this defendant as one of the defendants. It then stipulates for a dismissal of the cause as to the Rock Island road. This clearly implies that the case was to stand against this defendant.

It then stipulates that plaintiff will not make any claim against the Rock Island company on account of the injuries received by the plaintiff. There is nothing in this which evidences an intent to discharge the defendant. Nor does it show on its face the consideration received was in satisfaction of the injury. It is not clear as to that. We will readily concede that if full satisfaction of a tort be received from one of several wrongdoers, it will release all, even though not intended to release but the one, for there can be but one satisfaction. If the injured party receive full satisfaction at the hands of one of those who injured him, he can not double up on the others. And the fact that he has received full satisfaction may be shown by any competent testimony to that effect. But there is no good reason why the injured party may not receive a

part satisfaction from one of those who injured him, without barring himself of the right to demand the balance from the others, allowing what he has already received as payment *pro tanto*. *City of Chicago v. Babcock*, 143 Ill. 358.

In our opinion, the stipulation not to make any claim against the Rock Island company for the injuries, is no more than a covenant not to sue such company; and the great weight of authority is that a covenant not to sue one of several wrongdoers is no bar to an action against the others, so long as there has been no complete satisfaction. *Bloss v. Plymale*, 3 W. Va. 393, 409; *Frink v. Green*, 5 Barb. 455; *Jackson v. Stackhouse*, 1 Cow. 122; *Harrison v. Close*, 2 Johns. 448; *Snow v. Chandler*, 10 N. H. 92; *Knapp v. Roche*, 94 N. Y. 329; *Sloan v. Herrick*, 49 Vt. 327; *Parmlee v. Lawrence*, 44 Ill. 405; *Ellis v. Esson*, 50 Wis. 138; *Rowley v. Stoddard*, 7 Johns. 207. In the case last cited, the suit was against the Stoddards, senior and junior, in New York, upon a judgment obtained in the state of Vermont, and the defendant, Stoddard, Jr., showed that after the suit was instituted in Vermont, the elder Stoddard had a settlement with the plaintiff, in which the elder Stoddard paid to plaintiff $100 and took his receipt in full of all demands against him; it being agreed that the suit should proceed to judgment. In the suit on the judgment, only Stoddard, Jr., was served with process and he among other things contended that the settlement and receipt to Stoddard, Sr., was a discharge of him also. The court held it not to be a release or discharge of Stoddard, Sr., but of the nature of an agreement not to sue Stoddard, Sr.

But, as before stated, while the papers show that it was not the intention of plaintiff to discharge this defendant, and was a mere covenant not to sue, yet he may not have had such intention and have entered into

such covenant and at the same time have received full satisfaction of the Rock Island company. If he did, this defendant is discharged, notwithstanding the intention not to discharge. Whether the consideration received from the Rock Island company was in full satisfaction of the damages does not appear clearly from the paper and was properly left by the learned trial judge for the determination of the jury, with directions that if it was found not to have been received in full satisfaction, to allow such consideration as a credit or payment *pro tanto*.

We are aware that some of the authorities on the question discussed herein hold that where the damages are wholly conjectural—not the subject of definite estimate, and depend upon the common sense and prudence of a jury, such as in slander, libel, assault, and the like—the receipt of any consideration by the injured party, whereby he discharges one of the wrongdoers, will be deemed a full satisfaction. See *Ellis v. Esson*, 50 Wis. 138. We are not under the necessity of passing upon that question here, since even if we should concede such to be the law, this case is not wholly of that nature. In this case, the damages resulting from the injury, if not all subject to definite ascertainment, are, at least in part; the plaintiff alleging that he had lost valuable time by reason of his injuries and had laid out, and became liable to lay out, large sums of money in and about his cure, from the effect of such injuries.

We come now to an error (doubtless a mere oversight) which forces us to reverse the judgment. By an instruction given in behalf of the plaintiff, the jury was authorized to allow to plaintiff, as part of his damages, what he may have paid out for nurses. There was no evidence that he hired nurses, and the jury was therefore permitted to allow for that which did not appear

in proof.   If there had been proof of the employment of nurses, then, under the authority of *Murray v. Railroad*, 101 Mo. 340, the jury might have estimated the value of their services without formal proof thereof. But since there was no proof here of a nurse having been in attendance on plaintiff, the case is distinguishable from the *Murray* case.   *Smith v. Railroad*, 108 Mo. 243; *Culberson v. Railroad*, 50 Mo. App. 556; *Rhodes v. City of Nevada*, 47 Mo. App. 500.

The action of the court on the instructions given or refused for either party was, with the exception noted, correct on the record presented.   The judgment will be reversed and cause remanded.   All concur.