EDWARD BOSLEY & BROTHER, Appellants, v. WILLIAM BOSLEY et al, Respondents.

Kansas City Court of Appeals, November 5, 1900.

1. **Contracts: ENFORCEMENT: CONSIDERATION: EQUITY.** Courts of equity will not enforce the performance of executory contracts that are without consideration.

2. ———: **SEALS: CONSIDERATION: EQUITY: STATUTE.** Though an executory contract be in the form of a quitclaim deed with seal, courts of equity will go behind such seal and inquire into the consideration; especially since the statute provides that the presence or absence of a seal shall not in any manner affect the force, validity, character or construction of a contract.

3. ———: **CONSIDERATION: PART PERFORMANCE.** Plaintiffs in this case have no claim by virtue of part performance or expenditure of money, since all that was done was done by the executors and at the expense of the estate.

Appeal from the Nodaway Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*T. E. Haynes* and *E. A. Vinsonhaler* for appellants.

(1) Although the will directed the sale of the land, and thereby effected an equitable conversion of the land into personalty, yet it is "nevertheless subject to the rules of law governing real estate generally, inasmuch as it is taxable and controllable as such, and can be conveyed only by deed." 2 Woerner's Law of Adm'r, p. 728, sec. 342; Wilder v. Ranney, 95 N. Y. 7-12.   (2) If then, this writing is to be construed as a deed under all our authorities, in the absence of fraud or misrepresentation, no inquiry can be made as to the consideration.   2 Pomeroy's Equity, sec. 1036; Railroad v. Green, 68 Mo. 169; Bobb v. Bobb, 7 Mo. App. 501; Rockwell v. Brown, 54 N. Y. 213; Trafton v. Hawes, 102 Mass. 541. (3) For any labor or trouble, however slight, undertaken by one at the request of another will support a promise, although the labor or trouble be of no benefit to the promisor.   Williams v. Jensen, 75 Mo. 681, 685; Lindell v. Rokes, 60 Mo. 249; Houck v. Frisbee, 66 Mo. App. 16.

,*W. C. Ellison* for respondent.

Respondents contend (a) that a seal, under our present statutes, gives no additional force to an agreement; (b) that the assignment was not an executed agreement, but remained executory; (c) that while the subject of an assignment without consideration (which, in law, amounts to no more than a gift) remains undelivered, it may be revoked,

whether sealed or unsealed; (d) this assignment was for part of a fund to become payable as a whole, and therefore no title passed at law, and, there being no consideration, not in equity; and (e) that a contingent interest in an estate, in an executor's hand, is not assignable, except in equity, and then only when a valuable consideration has been paid. (a) R. S. 1899, secs. 893 and 645; Edmunds v. L. & P. Co., 76 Mo. App. 610, 623; (b) See argument for authorities under this head. (c) 14 Am. and Eng. Ency. of Law (2 Ed.), pp. 1008,1009; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 1016; Fry on Spec.Perf., p.25; Lamprey v.Lamprey, 29 Minn. 151; Doering v. Kenamore, 86 Mo. 588; In re Estate of Soulard, 141 Mo. 642; 2 Story's Equity (Redfield Ed.), secs. 1040c, 1040d; (d) Railway v. Wright & Co., 38 Mo. App. 141; Burnett v. Crandall, 63 Mo. 410; (e) Johnson v. Jones, 47 Mo. App. 237; Cauley v. Truitt, 63 Mo. App. 356; Waples on Attach. (1 Ed.), pp. 223, 224, 225; Leitman v. Leitman, 149 Mo. 112, 121; Schmitler v. Simon, 101 N. Y. 554; In re Trimble (Orph. Ct.), 23 Pitts. Law J., 89.

GILL, J.—This is a proceeding in equity wherein plaintiffs seek to enforce an agreement with their brother, the defendant William Bosley, for the transfer of the latter's interest in the estate of his father. The court below denied the relief prayed and plaintiffs have appealed to this court.

The elder Bosley, father of these litigants, died in 1897, leaving six children, a pretended widow by a second marriage and a small estate which he sought to dispose of by will. The defendant Newman was appointed and qualified as executor. As to the terms of the will, it is only necessary to say that it gave to the so-called widow a large portion of the small estate (in addition to dower and the years support); to plaintiffs were given a mere nominal sum of $5 each; and the residue

was left to defendant William Bosley and the three other children.

With the view of contesting the rights of the pretended widow and getting something out of the estate the plaintiffs Edward and Sylvester sought to get transfers or quitclaims from the other children. They accomplished this at least so far as to get defendant William Bosley to sign a writing purporting to transfer his interest in the estate or rather whatever he might gain by defeating the claims of the so-called widow. This assignment was in the nature of a quit-claim deed signed and sealed by said William Bosley and stated a mere nominal consideration of one dollar.

The executor of the estate contested by suit the claim of the widow under the will and succeeded in reducing it so as to add about $300 to the interest of William Bosley as residuary legatee. On a final settlement by the executor the plaintiffs demanded this share set off to said William, but as he and the executor refused to recognize their claim this suit was brought with the result before stated.

1. At the trial below two defenses were interposed to the plaintiffs' claim—that the so-called assignment was without consideration and that the transaction was champertous. The first objection disposes of the case, since it clearly appears that no consideration attended the so-called transfer of William Bosley to the plaintiffs. A consideration of one dollar is acknowledged, but the evidence satisfactorily shows that even this was not paid. The entire transaction is shown to have been a mere gratuitous transfer, or rather agreement to assign. The contract was executory in its nature, and it is settled law that courts of equity will not enforce such agreements except in favor of persons claiming for a valuable consideration.

2. But it is contended that defendant William Bosley

is estopped to deny the want of consideration because in the written agreement to assign a seal is affixed to his signature —that this conclusively imports a consideration. Whatever may have been the rule under the ancient common law, it is now, I think, well settled that in such proceedings as this courts of equity, at least, will go behind the seal and inquire into the matter of consideration. Winter v. Railway, 73 Mo. App. 173-195, and authorities there cited. But in addition to this our statute (R. S. 1899, sec. 893) has abolished the use of private seals in written contracts, except only as to seals of corporations, and they are of no further consequence. Whether such private seals be affixed to an instrument or not they do not "in any manner affect its force, validity or character, or in any way change the construction thereof." R. S. 1899, sec. 893.

3. Neither have plaintiffs any claim by virtue of part performance or the expenditure of money, as intimated in the brief. They did not attempt or perform the work of setting aside the claims of the widow—this was all done by the executor and at the expense of the estate.

The judgment of the circuit court is for the right party and will be affirmed. All concur.