## CURTIS J. JUDD, Appellant, v. ALTEN M. WALKER, Respondent.

St. Louis Court of Appeals, June 6, 1911.

1. RELEASES: Agreement not to Sue: Effect. An instrument, executed by a plaintiff who had sued two joint tortfeasors, which recites that, for a consideration, the suit should be dismissed as to one defendant and prosecuted only as to the other, is not a release in strict law, even in favor of the one to whom it was given, and it is only to avoid circuity of action that he may plead it as a bar to further prosecution of the case against him.

2. ———: ———: ———: Effect of Abolishment of Private Seals. While, at common law, a release under seal of one of several joint tortfeasors released all, the reason was, that a release under seal implied satisfaction and was immune from contradiction, except for fraud, accident or mistake. That rule, however, was changed by section 2773, Revised Statutes 1909, which abolished the force of private seals, and now a release of one joint tortfeasor, in order to bar the prosecution of the cause of action against another joint tortfeasor, must either express full satisfaction of the claim or in express terms declare a release; and the execution, for a consideration, of an agreement providing that an action should be dismissed as to one, and prosecuted as to another, tortfeasor did not release the latter, as it neither purported to be a full satisfaction of the claim nor in express terms declared a release.

3. CONTRIBUTION: Joint Tortfeasors: Right to Contribution. Under section 5431, Revised Statutes 1909, providing that defendants in a judgment founded upon a tort shall be entitled to contribution, one joint tortfeasor has no right of contribu-

Judd v. Walker.

tion until a joint judgment is had, and may not complain if the injured party does not pursue all joint tortfeasors.

4. **RELEASES: Agreement not to Sue: Mitigation of Damages.** Where the plaintiff, suing two joint tortfeasors, executed an instrument which recited that, for a consideration, the suit should be dismissed as to one and prosecuted only as to the other, the recovery against the one as to whom the suit was prosecuted should be diminished to the extent it had been mitigated by the payment of the other.

Appeal from Louisiana Court of Common Pleas.— *Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Ball & Sparrow* for appellant.

(1) Between joint wrongdoers no right of contribution exists, that one can be heard to complain that all guilty of the wrong have not been included in the same action or included in one common judgment rendered as the result of its prosecution. The plaintiff could at any stage of the proceeding have dismissed as to any one or more of the defendants without the consent of the remaining, and without affecting in the least the merit of his action or the character or amount of his judgment. Berkson v. Railroad, 144 Mo. 211; Buffalo L. Co. v. Everett, 30 Hun 588; Kimball v. Harmon, 34 Md. 407; Booker v. Puyear, 27 Neb. 346; Page v. Parker, 43 N. H. 363; Laverty v. VanArsdale, 65 Pa. St. 507; Mail Co. v. Barnes, 64 L. R. A. 574. (2) Plaintiff's agreement to dismiss as to Naxera is no more than a covenant not to further prosecute his suit against him, and the great weight of authority is that "a covenant not to sue one of several wrongdoers is no bar to action against the others, so long as there has been no complete satisfaction." Arnett v. Railroad, 64 Mo. App. 368.

*Pearson & Pearson* for respondent.

The undoubted rule of law is, "that a release of one of two joint tortfeasors releases the other." Hubbard v. Railroad, 173 Mo. 254; Dulaney v. Buffum, 173 Mo. 14; Chicago Herald Co. v. Bryan, 195 Mo. 574; Breeden v. Insurance Co., 220 Mo. 327; Iron Co. v. Ruce, 179 Mo. 480.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the fraud and deceit of defendant. After the answer and reply were in, the court gave judgment on the pleadings alone, to the effect that plaintiff was not entitled to recover, for the reason he had accepted $350 from one of defendants in the action as originally instituted and in consideration thereof covenanted not to further prosecute the suit against him. From this judgment, plaintiff prosecutes the appeal.

The question for decision is whether or not a discharge is operated in favor of one joint tortfeasor, through the acceptance of a stipulated sum from another, against whom the suit is likewise pending, in consideration of a covenant not to further prosecute the suit against the tortfeasor who thus purchased his peace. It will be sufficient to summarize a few relevant facts and set forth the tenor and effect of the pleadings, to a complete understanding of the propositions to be considered. It appears defendant, Walker, is a real estate agent at Louisiana, Missouri, engaged in the pursuit of selling lands for others, and Fred Naxera, who was originally sued in this action with him as a joint tortfeasor, owned a tract of land in Pike county, Illinois, which he authorized defendant Walker to sell for him at the price of forty dollars per acre. Plaintiff, who desired to buy the land, viewed it, but was wholly unadvised as to its precise acerage or extent and relied entirely upon the representations

of Walker with respect thereto. The petition avers that defendants (Walker, the agent, and Naxera, the owner of the land) co-operated together, to the end of inducing plaintiff to purchase the land at the agreed price of forty dollars per acre for a given number of acres, when, in truth and in fact, they and each of them knew the tract did not contain the number of acres so represented, but on the contrary in its entirety consisted of twenty-six acres less; that plaintiff believed such false and fraudulent representations, relied thereon and so believing purchased the said tract of land at the agreed price of forty dollars per acre, for which he paid according to the full number of acres it was so falsely represented to contain. Because of such fraud and deceit, which it is averred was principally practiced through defendant Walker, the agent, but with the connivance and co-operation of Naxera, the owner, plaintiff instituted this suit against the two as defendants, jointly, to the end of recovering from them the amount of forty dollars per acre for the twenty-six acres for which he had paid though not contained in the tract purchased. The issue of fraud and deceit against the two defendants was reviewed by this court several years ago and the judgment of the trial court nonsuiting plaintiff reversed and the cause remanded, but the case was certified to the Supreme Court for final determination because of a conflict in the view entertained by this court and the Kansas City Court of Appeals on a similar question. For a more extended statement of the facts and circumstances of the case, reference is made to the former opinion of this court in Judd v. Walker, 114 Mo. App. 128, 89 S. W. 558. The Supreme Court adopted the opinion of this court and likewise reversed and remanded the cause, as will appear by reference to Judd v. Walker, 215 Mo. 312, 114 S. W. 979. Both this court and the Supreme Court affirmed the two defendants, Walker and Naxera, to be joint tortfeasors on the

prima facie showing there made. But this is unimportant now, for the present appeal is to be determined on the facts set forth in the pleadings alone, and the former one involved the consideration of the evidence introduced for plaintiff. After the case was remanded, plaintiff consummated an arrangement with defendant Naxera, whereby Naxera paid him $350 in cash, and plaintiff agreed to dismiss the case as to him and that its prosecution should continue thereafter only against defendant Walker. In compliance with this agreement, the case was dismissed as to Naxera, but continued pending on the original petition against the present defendant, Walker. Of the petition, it is sufficient to say that it states a cause of action against Walker, the real estate agent, and Naxera, his principal, the land owner, as joint tortfeasors and lays a specific charge of their having co-operated together to defraud the plaintiff and actually consummated the same to his damage, etc. After the case was dismissed as to Naxera, an amended answer was filed by defendant Walker alone, in which he pleaded in bar a full satisfaction of plaintiff's cause of action by and a discharge thereof to his joint tortfeasor, Naxera, in consideration of the sum of $350, and it is averred this operated to discharge defendant as well. The answer further set forth a copy of the writing which is averred to manifest the agreement of the parties in that behalf. The alleged release set forth in the answer is as follows:

"IN THE LOUISIANA COURT OF COMMON PLEAS.

State of Missouri, County of Pike, ss.

Curtis J. Judd, Plaintiff,

vs.

Alten M. Walker,
and Fred Naxera, Defendants.

In consideration of the payment of the sum of three hundred and fifty dollars ($350.00), by Fred Naxera to Ball & Sparrow, attorneys for plaintiff, it is

agreed that the case, so far as Fred Naxera is concerned, shall be dismissed, and that the further prosecution of the same be only against Alten M. Walker.

This 20th day of February, 1909.

BALL & SPARROW,

Attorneys for Plaintiff.''

Because of this, it is averred in the answer plaintiff is estopped from further prosecuting the alleged cause of action against defendant Walker. In his reply, plaintiff admitted that he executed the receipt to Naxera set forth in defendant's answer, for which he received $350 and agreed to dismiss the suit as to him, but the reply specially denies that he released or settled his claim or cause of action thereby, and avers that he did no more than to agree to dismiss the suit and not further prosecute it as to Naxera, reserving unto himself the right to prosecute the case against the present defendant, Walker. On these facts set forth in the pleadings, the judgment of the court invoked by a motion thereon was given to the effect that a satisfaction or release of the cause of action appeared as to Naxera and therefore it operated to the same effect in favor of Walker as having extinguished the right to pursue either for the same tort.

It is argued the court erred in its conclusion of law, for the reason it is obvious the pleadings reveal no more than a mere covenant not to sue and in no respect disclose a release or satisfaction of the cause of action. The argument is sound, for the authorities mark a clear distinction between agreements such as this one and those which disclose a satisfaction or release. The reply specially denied that plaintiff received full satisfaction from Naxera; denies too that he released his cause of action, and avers that he expressly reserved unto himself the right to further prosecute the same against this defendant. With such express denials and averments in plaintiff's reply,

of course, it may not be declared that either a satisfaction or release appears, unless the written receipt set forth in the answer and admitted in the reply so shows the fact to be. When this paper is examined, besides a receipt for $350, it manifests no more than a contractual undertaking to dismiss the suit against Naxera alone, with an express reservation on the part of plaintiff of the right to further prosecute it against defendant Walker, and an implied consent to that effect on the part of Naxera. The fact that plaintiff reserved to himself the right to further prosecute the suit against Walker and that Naxera impliedly consented thereto by accepting the receipt so worded suggests the parties neither contemplated full satisfaction of the claim nor a release of the cause of action asserted in the petition. Indeed, there is no word in the writing which suggests satisfaction of the cause of action and it does not purport to be a release even to Naxera. The covenant with Naxera is one not to sue, for it stipulates that the case then pending "so far as Fred Naxera is concerned, shall be dismissed" and nothing more. Such a contract is not a release in strict law even in favor of the one to whom it is given, and it is only by construction, to the end of avoiding circuity of action, that Naxera could plead it in defense of a further prosecution of the case against himself. [See Ellis v. Esson, 50 Wis. 138; Chicago v. Babcock, 143 Ill. 358; Lacy v. Kynaston, 2 Salkeld's Rep. 575; 1 Parsons, Contracts, 28 and cases cited in note (i).] But, it is said, as by construction to prevent circuity of action, the law permits such an agreement to be pleaded in bar to a further prosecution against the person in whose favor it is executed and thus to all intents and purposes treats it as fulfilling the office of a release as to him, a like privilege should inure to the other joint tortfeasor, for a release of or satisfaction by one tortfeasor operates in favor of both. Formerly, when the technical release under seal

was accorded a high privilege in the law as importing
absolute verity to the fact of full satisfaction, which
was not to be questioned or denied by parole testi-
mony, the courts frequently so declared the rule and
placed a release on the same plane as a satisfaction.
This was for the reason that a release under. seal im-
plied satisfaction in every instance and it was immune
from contradiction, save for fraud, accident or mistake.
A release under seal is equivalent in law to a satisfac-
tion in fact. [5 Bacon 762; see also Cocke v. Jennor,
Hobart's Rep. 66; Bloss v. Plymale, 3 W. Va. 393;
Arnett v. Mo. Pac. R. Co., 64 Mo. App. 368; Ellis v.
Esson, 50 Wis. 138; see also instructive note to Abb
v. N. P. Ry. Co., 58 L. R. A. 293, 92 Am. S. R. 864.]
It is obvious to the thoughtful reader that what has
been so frequently said by the courts as to either a re-
lease of or satisfaction by one tortfeasor operating
the discharge of the other had reference to a technical
release at common law, which, because of its seal, im-
plied satisfaction beyond question, except under the
heads of equity above suggested. The case of Leddy
v. Barney, 139 Mass. 394, illustrates the proposition,
for it appears the release there involved was under
seal. But be this as it may, after an extensive exami-
nation of the subject, we have discovered no instance
where the courts have declared as a matter of law on
the face of the instrument that a release is operated
to one joint tortfeasor through the act of another pur-
chasing his peace under an agreement couched in the
form of expression here employed. It is conceded the
writing under consideration is not a release in terms,
for it contains no words of release whatever and it
reveals for itself that it is not a release in fact, for it
does not purport an entire satisfaction, but, indeed,
suggests to the contrary. Such forms of expression do
not admit of construction in law as a release, to the
end of extending a benefit to a joint tortfeasor, though
the courts will, in aid of the peace and repose of so-

ciety, for the purpose of preventing circuity of action, construe them to fulfill that office in favor of the party to whom executed, and treat with a pleading in bar by him to that effect. [Ellis v. Esson, 50 Wis. 138; Chciago v. Babcock, 134 Ill. 358; Lacy v. Kynaston, 2 Salkeld's Rep. 575; Robertson v. Trammell (Tex.), 83 S. W. 258; 1 Parsons on Contracts 28, and cases in note (i); Robertson v. Trammell (Tex.), 83 S. W. 1098; Arnett v. Mo. Pac. R. Co., 64 Mo. App. 368.]

The private seal, which so dignified the common law release, is abolished in this state perforce of the statute, except as to corporations, and by express provision the seal no longer affects the force, validity, character or construction of the writing. [Sec. 2773, R. S. 1909; see Bosley v. Bosley, 85 Mo. App. 424.] As the seal no longer imports acknowledgment of satisfaction into a release, it is clear that an instrument, in order to fulfill the office of a release available to a joint tortfeasor, should recite satisfaction or show a complete release and discharge of the cause of action as to the one to whom it is executed, in express terms. The authorities in this state seem to declare the rule that where full satisfaction appears to have been made by one or an express release and discharge of one tortfeasor is had for a consideration satisfactory to the complainant from such person, the other tortfeasor is released as well. In Chicago Herald Co. v. Bryan, 195 Mo. 574, 92 S. W. 902, a full and complete settlement of the cause of action was made by the plaintiff with one who was a joint tortfeasor of defendant and the court declared such to operate defendant's discharge. There was no written release in the case and no language to construe or interpret, but the facts revealed plaintiff had been completely compensated to the full extent of its claim by a joint tortfeasor and the court declared the cause of action was extinguished as to it. The judgment of the court in that cause is obviously a sound exposition of law, but it is wholly irrelevant

here, for nothing suggesting full satisfaction and an extinguishment of plaintiff's cause of action appears. In Dulaney v. Buffum, 173 Mo. 1, 73 S. W. 125, it appears plaintiff settled his cause of action with one joint tortfeasor for $750 which was paid to him. The release executed by him which was in judgment before the Supreme Court, besides reciting these facts, recited as well that the sum was in "full settlement and satisfaction, etc.," of the cause of action set forth in the petition against the tortfeasors who paid the $750. The court declared such acknowledgment of "full satisfaction" of the cause of action against one extinguished the whole and as plaintiff pursued the other defendants through a right arising from the same tort, its full satisfaction operated their discharge as well. In Hubbard v. St. L. & M. R. R. Co., 173 Mo. 249, 72 S. W. 1073, the plaintiff was injured through the concurrent negligence of the railroad company and the driver of the express company and afterwards accepted $46.61 from the express company in consideration of which he "remised, released and forever discharged" the express company from any cause of action he might have against it arising from the tort. The release expressly recited the collision and the injuries sustained by the claimant therein, etc. The Supreme Court declared the release so executed expressly discharging one joint tortfeasor from its obligation to respond on the cause of action operated a discharge as well in favor of the railroad company. It is true the matter of full satisfaction is not recited in terms in this release, but the court treated it as essentially implied, identically as if under seal prior to the statute, from the fact that it recited the plaintiff received a sum of money satisfactory to him and in consideration thereof *released* and forever discharged the express company from its obligation to respond to him for the tort. In the opinion, the court lays stress upon the fact that plaintiff "released" the ex-

press company and received "a compensation satis-
factory to himself" from it for so doing. So we un-
derstand the rule of decision in this state goes to the
effect that for an instrument, executed in favor of one
tortfeasor and invoked as a discharge of another joint
tortfeasor, to be declared as a matter of law, on its
face, a release operating the discharge of such joint
tortfeasor, it should purport, first a satisfaction of the
claim, which of course extinguishes the cause of ac-
tion, or second, should, in express terms, declare a
release. Either is sufficient. But for the decision of
the Supreme Court in Hubbard v. St. L & M. R. R. Co.,
173 Mo. 249, 72 S. W. 1073, we would say that in every
case the release should show satisfaction, as it is the
high aim and purpose of the common law to award
satisfaction for every wrong and not to defeat valid
claims through mere artifice and technical reasoning.
[See Lovejoy v. Murray, 70 U. S. 1 (3 Wall. 1).]
Throughout all of the thoughtfully considered cases
we have examined on the subject, the matter of satis-
faction for the wrong done is put forward as the
essential element of a valid release. This was true
even in the old law, where the release under seal pre-
vailed, for then the satisfaction was declared as a
matter of law on the face of the release, because of
the character of the instrument, but where such a docu-
ment is not involved or apt words of release appear,
in jurisdictions such as this, where the private seal
is abolished, the better and overwhelming weight of
the authorities generally assert there must appear a
satisfaction in fact. For leading cases, see Ellis v.
Esson, 50 Wis. 138; see Robertson v. Trammell, 83
S. W. 258; Louisville & E. Mail Co. v. Barnes (Ky.),
64 L. R. A. 574; see also instructive note and cases
cited under Abb v. P. R. Co., 58 L. R. A. 293, 92 Am.
S. R. 864. On this question, Judge Cooley says, in
his valuable work on Torts (3d Ed.), 234, 235:

"It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrongdoers by reason of what has been received from or done in respect to one or more others, that the bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent."

Justice Miller says in Lovejoy v. Murray, 3 Wall. 1, 17:

"But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages. But it is not easy to see how he is so affected, until he has received full satisfaction, or that which the law must consider as such."

But be this as it may, there can be no doubt that our Supreme Court in Hubbard v. St. L. & M. R. R. Co., 173 Mo. 249, 72 S. W. 1073, accords to the words of release, when read together with the facts as to receiving a sum of money from one joint tortfeasor, the same implication of complete satisfaction which attended a release under seal at common law, and if such words appeared here, we would declare the writing a release. But here there appears neither a full satisfaction nor words of release and the covenant is one not to sue only, or in other words, to not further prosecute the suit as to Naxera with a purpose expressed to continue it against this defendant. In such circumstances, the courts give effect to the intention of the parties so manifested and permit the suit to continue against the remaining tortfeasor, but require the amount so paid by the one to be credited *pro tanto* on the recovery. See in point: Arnett v. Mo. Pac. R. Co., 64 Mo. App. 368; Ellis v. Esson, 50 Wis. 138; Chicago v. Babcock, 143 Ill. 358; Knapp v. Roche, 94

N. Y. 329; Texarkana Tel. Co. v. Pemberton, 86 Ark. 329, 111 S. W. 257; Bloss v. Plymale, 3 W. Va. 409; Louisville, etc. Mail Co. v. Barnes (Ky.), 64 L. R. A. 574; Snow v. Chandler, 10 N. H. 92; McCrillis v. Hawes, 38 Me. 568; Spencer v. Williams, 2 Vt. 209; Chamberlain v. Murphy, 41 Vt. 110; Sloan v. Herrick, 49 Vt. 328; Matthews v. Chicopee Co., 3 Robt. 712; Shaw v. Pratt, 22 Pick. 307; Pond v. Williams, 1 Gray, 630-636; Bank v. Messenger, 9 Cow. 37; Line v. Nelson, 38 N. J. L. 358; Irvine v. Milbank, 15 Abb. Pr. 378 (N. S.); Solly v. Forbes, 6 Eng. Com. Law 11; Thompson v. Lack, 54 Eng. Com. Law 551; Bank v. Curtiss, 37 Barb. 319-20; Gunther v. Lee, 45 Md. 60-67.

In the first instance defendants were liable to respond to plaintiff for the damages he suffered, either jointly or severally as he might elect, for it is averred they jointly committed the tort. In such circumstances, the parties are both jointly and independently liable for the entire results of the wrong in which both participated. Plaintiff elected to sue both, but dismissed the suit as to one who purchased his peace, and this was entirely proper, for defendant Walker had no vested right in the suit against Naxera. The matter was entirely one of election with plaintiff. [West Chicago R. Co. v. Piper, 165 Ill. 325.] It is certain that, prior to judgment against both, one tortfeasor has no vested right to aid from another, though, after such judgment, he may be entitled, under the broad terms of our statute, to a contribution, even in cases involving a fraudulent intent. See section 5431, Revised Statutes 1909; see also Brewster v. Gauss, 37 Mo. 518, where the Supreme Court declared this statute to be general in its nature and to apply to all joint judgments for torts, and the case of Spalding v. Bank, 78 Mo. App. 374, where this court affirmed it confers the right of contribution between joint tortfeasors after judgment, though the joint tort involved moral turpitude, indeed fraud and deceit as here. For

authorities declaring an after-judgment right of contribution between negligent tortfeasors under this statute, see Eaton v. Trust Co., 123 Mo. App. 117, 100 S. W. 551; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045. However this may be, the right to contribution between joint tortfeasors does not arise, even under the statute, until a joint judgment is had, and until then one wrongdoer may not complain if the injured party elects to pursue another alone. At most, defendant Walker, a tortfeasor himself, may insist only that there shall be but one satisfaction for the same tort. No one can doubt that, though two or more may be pursued to judgment in either the same or separate actions for the same wrong, but one satisfaction may be had. Such is the just and equitable rule of decision. [See Page v. Freeman, 19 Mo. 421; Lovejoy v. Murray, 3 Wall. 1, 70 U. S. 1.] In accord with these principles, it is obvious the precepts of natural justice alone require that plaintiff's recovery, if any, against Walker should be diminished to the extent he has been mitigated by Naxera, for though there be no release, such payments by one tortfeasor are available *pro tanto* to the use of the other as a matter of mitigation in the final award of damages accrued because of the tort of both. The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.