## HIMMELBERGER-HARRISON LUMBER COMPANY, Appellant, v. SAMUEL DALLAS, Respondent.

### St. Louis Court of Appeals, April 2, 1912.

1. **CONSPIRACY: Fraud and Deceit: Joint and Several Liability.** Where an employee of a lumber company, engaged to measure logs purchased by the company, made an arrangement with sellers of logs to defraud the company by making false measurements of logs delivered, the proceeds of the fraud being equally divided between him and the sellers, all of the parties were jointly and severally liable to the company for the wrong.

2. ————: ————: **Action: Waiving Tort: Money Had and Received.** Where an employee of a lumber company, engaged to measure logs purchased by the company, made an arrangement with sellers of logs to defraud the company by making false measurements of logs delivered, the proceeds of the fraud being equally divided between him and the sellers, the company could waive the tort and maintain an action against him for money had and received.

3. **MONEY HAD AND RECEIVED: Nature of Action: Lies When.** An action for money had and received is equitable in its

nature and proceeds in accordance with the maxim *ex aequo et bono*, and lies to recover money in the possession of the defendant, when, in good conscience, it belongs to the plaintiff.

4. **RELEASES: Release of Joint Tortfeasors: What Must Appear.** While the satisfaction of a cause of action sounding in tort by, or a release of the cause of action to, one of the joint tortfeasors bars a recovery against the other joint tortfeasors, yet, in order for this result to obtain, it must appear, either that the claim was satisfied, or that the release stated in express terms that it was a release in favor of the person making the payment.

5. ———: ———: **Agreement Not to Sue.** Where several persons conspired to perpetrate a fraud upon a company, the fact that one of the conspirators repaid to the company the amount he had fraudulently received, under an agreement that the company would not take legal action against him, does not show a settlement releasing the other joint tortfeasors; the agreement amounting to no more than a covenant not to sue.

6. ———: ———: ———: **Mitigation of Damages.** Partial satisfaction of a claim by one joint tortfeasor may be shown to mitigate the damages against the others.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Henry C. Riley*, Judge

REVERSED AND REMANDED.

*T. B. Whitledge* and *Oliver & Oliver* for appellant.

(1) The petition contains all the necessary allegations in an action for money had and received, and the matters of inducement contained in the petition only clarify the facts, and are unobjectionable. Creigler v. Duncan, 121 Mo. App. 390; Stout v. Hardware Co., 131 Mo. App. 528. (2) The allegation in the petition that the plaintiff was induced to pay this money because of the fraudulent misrepresentations of the defendant does not convert the action from one in assumpsit to one *ex delicto*. Yeater v. Hines, 24 Mo. App. 626; Dobson v. Winner, 26 Mo. App. 335. (3) It is not necessary to allege a promise to pay, nor is privity of contract required. Banking Co. v.

Commission Co., 195 Mo. 289; Richardson v. Drug Co., 92 Mo. App: 533; Tamm v. Kellog, 49 Mo. 119. (4) It was optional with the plaintiff as to whether it would treat the cause of action as one in tort or waive the tort and sue on the contract. Bliss, Code Pleading (1 Ed.), secs. 154, 155, 156; Pomeroy, Remedies and Remedial Rights (1 Ed.), secs. 567, 568; Stout v. Hardware Co., supra. (5) The payment by Riley to the plaintiff in no way affects the entirely separate action against Dallas. Had the plaintiff based its action on the tort, and did the testimony show that a complete satisfaction was had from Riley, the action of the trial court might have been proper, but since neither condition exists in fact, the action of the trial court was error.

*Marshall Arnold, C. J. Stanton, Ward & Collins* and *Brown & Gallivan* for respondent.

(1) There was a complete satisfaction of entire cause of action. Hubbard v. Railroad, 173 Mo. 249; Dulaney v. Buffman, 173 Mo. 1; Laughlin v. Mfg. Co., 153 Mo. App. 208. (2) Appellant is entitled to only one satisfaction, and if this cause is conceded to be a case for money had and received, the settlement with Sam Riley was a settlement of the cause of action and cannot after such settlement be used as the basis for such a suit. Herald Co. v. Bryan, 195 Mo. 574.

NORTONI, J.—This is a suit for money had and received. At the conclusion of the evidence for plaintiff, the court instructed a verdict for defendant, on the theory that it conclusively appeared plaintiff had accepted full satisfaction from a joint tortfeasor for the tort out of which the cause of action accrued. From this judgment plaintiff prosecutes the appeal.

Plaintiff is an incorporated company, and owns large tracts of timber land in southeast Missouri on

which it maintains sawmills and manufactures lumber. For about twenty years defendant was in plaintiff's employ, and a considerable portion of this time he was engaged in measuring timber which plaintiff received from contractors. It appears plaintiff had contracts with three separate persons, Sam Riley, John Mozley and Martin P. Glasgow, for cutting and hauling logs from the forest on its lands to the sawmills. It was defendant's duty to measure and receive the logs when delivered by the contractors mentioned. The contractors were to be paid by plaintiff for the cutting and hauling of the logs in accordance with the number of feet of probable lumber contained therein. The amount of such lumber and the amount that should be paid by plaintiff to the contractors therefor was ascertained and determined by defendant, who, according to the evidence, "scaled" the logs. The scaling we understand to be a system of measurement employed in such work. For the purpose of defrauding plaintiff, defendant entered into an arrangement with each of the three contractors above mentioned, whereby he became interested to the extent of one-half of their contracts, and made false measurements of the timber for the benefit of both himself and the contractor. The evidence tends to prove that defendant would raise the scale or measurement of the logs and report fictitious amounts touching the same to plaintiff. On such fictitious measurements plaintiff paid each of the three contractors in full at the monthly settlements. The amounts thus received by the contractors were divided equally with defendant, who, as before said, became interested to the extent of one-half in the contracts of each. The evidence tends to prove that plaintiff paid out to the three contractors above mentioned, on defendant's false measurements and reports, several thousand dollars, for cutting and hauling timber which it never received. Upon discovering the fraud so practiced

upon it by defendant and his coconspirators, the contractors, plaintiff instituted this suit against defendant alone for money had and received. There can be no doubt that originally the cause of action sounded in tort. For the tort and its consequences defendants are liable to respond to the injured party both jointly and severally. Plaintiff saw fit to waive the tort and pursue defendant on his several liability in assumpsit, as for money had and received. No one can doubt that such a course is eminently proper. [See Bliss on Code Pleading (3 Ed.), secs. 154, 155.] There can be no doubt that the action for money had and received is a proper one on the facts stated. This form of action will lie to recover money in the possession of one which in good conscience belongs to another, for it is equitable in its nature and proceeds in accordance with the maxim *ex aequo et bono*. Because of this, it is much favored and the tendency is to widen the scope of the action as it commingles the administration of equitable doctrines in conjunction with those of the law. [Houts v. Dunham, 162 Mo. App. 477, 142 S. W. 806; Crigler v. Duncan, 121 Mo. App. 381, 99 S. W. 61; Jenkins v. Clopton, 141 Mo. App. 74, 121 S. W. 759; Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 288, 94 S. W. 527; Moses v. MacFerlan, 2 Burr. 1005.]

But it is argued the court very properly directed a verdict for defendant because it conclusively appears plaintiff accepted full satisfaction of the cause of action asserted from Sam Riley, one of the joint tortfeasors. If such were the fact, the argument would, no doubt, inhere with much force, but the record does not reveal it to be true. The satisfaction of a cause of action arising from tort by one of the joint tortfeasors or a release of such cause of action executed to one of the tortfeasors inures in favor of the other and may be invoked by him as a complete bar to a recovery thereafter. No one can doubt this propo-

sition to be true, but it is not in every case where an acceptance of money from one joint tortfeasor appears that the other is discharged. For such a result, a satisfaction or release must appear. [See 1 Cooley on Torts (3 Ed.), pp. 235, 236, 237.] There is not so much as a suggestion in the evidence before us that plaintiff accepted from Sam Riley full satisfaction for the cause of action arising out of the joint tort or that it released him therefrom. It appears from Riley's testimony that he, together with defendant and others, perpetrated the fraud complained of. He admits that he personally received about $1500 as a result of the false measurements made by defendant. He admits, too, that he agreed to repay this amount to plaintiff and that plaintiff agreed not to pursue him at law touching the matter. This is the full extent of the testimony which the court treated with as conclusively showing a satisfaction or release. This testimony reveals nothing more than a covenant not to sue Riley. Not a word is said therein touching a settlement of the entire cause of action or a release concerning the same. We understand the rule of decision in this state goes to the effect that, for an arrangement entered into with one tortfeasor to operate as a matter of law in favor of another joint tortfeasor as a discharge to him, it must appear therefrom, either—first, that there is a satisfaction of the claim, which, of course, extinguishes the cause of action; or, second, it should be stated in express terms to be a release in favor of the person making the payment. Unless one or the other of these conditions appear, a discharge may not be declared thereon as a matter of law. Nothing of the kind appears from the testimony before us and at most the arrangement amounts to no more than a covenant on the part of plaintiff not to sue Riley. We have but recently considered the question here involved in Judd v. Walker,

158 Mo. App. 156, 138 S. W. 655, to which reference is made for the reasoning of the law.

But it is said, if plaintiff prevails in the suit, it ought not to be entitled to recover from defendant and receive compensation as well to the extent of $1500 from Sam Riley. To the proposition thus stated we fully agree, for the law forbids more than one full compensation. But the rule is established in such cases to the effect that a partial satisfaction by one joint tortfeasor is admissible in evidence in mitigation of damages sought to be recovered against another. To the extent of the settlement which plaintiff made with Sam Riley, defendant is entitled to mitigate the recovery against him. [See Judd v. Walker, 158 Mo. App. 156, 138 S. W. 655; Knapp v. Roche, 94 N. Y. 329.]

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.