James R. Finlay
vs.                          No. 85261.
Albert A. Plante, et al.

January 6, 1932.

FROST, J. Heard on plaintiff's and defendants' motions for new trial after verdict for plaintiff in the sum of $850.

Plaintiff was a passenger in a taxicab driven by Joseph A. Plante, on Sunday morning, November 10, 1930. Plante was driving southerly on Pawtucket Avenue, which is the continuation in Pawtucket of the highway which in Providence is called North Main Street. He turned to his left to go easterly through Hillside Avenue. At the intersection of Hillside Avenue and Pawtucket Avenue, he was in collision with a machine operated by Dr. Harry M. Kechijian which was proceeding northerly on North Main Street. There was little or no traffic on the road at the time and place of accident. Plante's machine was struck on the right side and plaintiff was thrown out.

From the evidence it would appear that it was possible for each driver to see the other for an appreciable time before reaching the point of intersection. There was testimony to the effect that each was proceeding at moderate speed.

Plante testified that he speeded up in order to avoid the accident. The fact that he did this and was then struck in the center of his machine may have caused the jury to believe that Kechijian, who was approaching from Plante's right, had the right of way and that Plante attempted to take it away from him, thereby causing the accident. The Court thinks there was evidence from which the jury might reasonably find that Plante was guilty of negligence and that such negligence was at least a contributing cause, if not the sole cause, of the accident.

Plaintiff was 38 or 39 years of age at the time of the accident. He sustained a fracture of the skull on the right side which cleared up all right. The external jugular vein on the right side of the neck was severed There were lacerations of the head and neck, also contusions and abrasions of the right knee and thigh. He was in the Memorial Hospital from November 10 to December 2, 1930. After leaving the hospital he was attended by a physician and still complains of stiffness of the neck and pain when the neck is turned. He also complained of having weak spells. He returned to work on June 1, 1931.

At the time of the accident, Finlay

was employed at drugstore in Pawtucket where he was engaged in cleaning and sweeping each morning. Afternoons he was engaged in doing general repair work for Henry C. Dexter. He also took care of a furnace for another person and, in addition, did more or less work for one of the city churches. He appeared to be a very industrious person. His loss of wages with his medicinal expenses totalled approximately $1,500. While he still had some complaints, he appeared to have made a good recovery.

It appeared in evidence that plaintiff had brought suit originally against Dr. Kechijian and also the latter's mother as the owner of the machine which the Doctor was operating, and that he had accepted from them $3,250, giving therefore a covenant not to sue and a discontinuance of the case.

While under the decision of our Supreme Court, Kechijian and Plante could not be sued as joint tort feasors, (*Mason* vs. *Copeland*, 27 R. I. 232), they might conceivably be proceeded against separately as they were. While Finlay was entitled to but one satisfaction for his injuries (*Rogers* vs. *Cox*, 66 N. J. L. 432), it appeared that the instrument which he gave in return for the $3,250 was not a release but a covenant not to sue.

The defendant in this case was entitled to show in mitigation of damages that the plaintiff had received at least partial satisfaction from the Kechijians, and this was done.

Sutherland on Damages, 4th ed.
Vol. 1, p. 782;
*Snow* vs. *Chandler*, 10 N. H. 92;
*Himmelberger - Harrison Lumber Co.* vs. *Dallas*, 165 Mo. App. 49;
*N. Y. Bank Note Co.* vs. *Kidder Press Mfg. Co. & others*, 192 Mass. 391.

Under the instructions of the Court, the jury, therefore, must have considered that Finlay was entitled to recover $4,100 for his injuries. The Court considers this to be very ample compensation for the injuries received but it does not consider that it is so ample as to justify it in reducing the amount awarded. The verdict is not against the weight of the evidence and the Court thinks that it does substantial justice between the parties. Both motions are therefore denied.

For plaintiff: Howard K. Simmons.

For defendant: Cooney & Kiernan & Quinn, Kiernan & Quinn.